### RUBE BAILEY v. THE STATE.

#### *No. 1251.   Decided April 28th, 1897.*

**1.   Statement of Facts, not Approved.**

A purported statement of facts which is not approved by the trial judge, will not be considered.

**2.   Special Instructions.**

It is not necessary to repeat instructions, on a given state of case, where the law applicable thereto has been correctly given in the main charge of the court.

**3.   Bill of Exceptions to Excluded Evidence.**

A bill of exceptions, reserved to the exclusion of evidence, to be sufficient, must show the object and purpose for the introduction of said testimony.

**4.   Impeachment of One's Own Witness.**

A defendant cannot impeach his own witness, where the witness has not testified to any facts damaging to him. Where the witness simply denies having stated facts that would have been beneficial to defendant, if the witness had so sworn, does not authorize the impeachment of the witness.

**5.   Bill of Exceptions to Admitted Evidence.**

A bill of exceptions to the admission of evidence, over objections, should state the grounds of objection.

**6.   Impeachment of Witness.**

Where a female witness for defendant was asked, if she had not been prosecuted for adultery with defendant, and she answered, that, she had not; and no effort was made by the State to prove the fact. Held: It cannot be seen how the defendant was prejudiced in this matter.

7.   Argument of Counsel—Limiting Same.

Where, before the argument of the case began, the argument was limited by the court to so many hours on each side, and counsel are not satisfied, objection should then be made.   If counsel accept the order of argument made by the court, the matter will not be revised where there is nothing to show any injury resultant therefrom.

APPEAL from the District Court of Falls.   Tried below before Hon. S. R. SCOTT.

Appeal from a conviction for murder in the first degree; penalty, imprisonment in the penitentiary for life.

Appellant was indicted for the murder of John Childress, on the 21st day of June; 1896, by shooting him with a pistol.

There is a statement of facts in the record, but not having been approved by the trial judge, it is not considered by the court on this appeal.   The other questions discussed are sufficiently illustrated by the statement in the opinion.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder, and his punishment assessed at a life term in the penitentiary.   There is what purports to be a statement of facts in the record, but this is not approved by the trial judge; hence cannot be considered.   There were several special instructions requested by appellant, but they were refused by the court.   Exception was reserved to this action of the court.   In the absence of the statement of facts, there is no error made to appear in the refusal of these instructions.   The testimony may not have demanded them.   With reference to those charging the law of alibi, it is sufficient to say that the court fully charged upon the question of alibi, and there could have been no error in refusing such requested instructions.   It is not necessary to repeat charges on a given state of case when the law applicable thereto has been correctly given in the main charge of the court.   The defendant offered to prove by the witness, Ellen Childers, wife of the deceased, that "the boys of the neighborhood often came to her house during the summer and spring preceding, and rocked it for the purpose of getting Maud Barksdale, his stepdaughter, to come out of the house, so that they might see her, and that they might have sexual intercourse with said daughter, and that the deceased kept his gun in his house, and chased the boys off."   This was objected to by the State, and the objection sustained, and the testimony excluded.   The object and purpose for the introduction of this testimony are not stated in the bill of exceptions.   This should have been done.   As shown on the face of the bill, we are unable to ascertain or even conjecture what purpose this testimony could have served in the case, or what the appellant's object was in seeking to introduce it.   The defendant called the witness, Maud Barksdale,

and asked her if she did not, soon after the shooting at the house of West Bailey, tell W. C. Jones and N. J. Lewellyn that the deceased said the moment after he was shot, and as he was dragging himself into the house, that Babe Beauchamp shot him, and for her (the witness) not to strike a light, as Beauchamp was still outdoors, and would shoot him again, all of which the witness denied, and the defendant asked an attachment for the witness, W. C. Jones. This bill further recites that the testimony of the witness was a surprise to the defendant, and was of a most damaging character, and that he could prove by the witness, Jones, all the statements above set out. The attachment was refused by the court, and he saved his exception. The court qualifies this bill, and states that "this witness testified to the same facts upon the examining trial, long before this trial, as she did here. She was put upon the stand by the defendant, and the witness, Jones, had never been subpœnaed, and at the time was some fifteen or twenty miles from the courthouse; and Mr. Lewellyn, who was present, and heard the alleged conversation, was present in the courtroom during this entire trial, as counsel for the defendant, with two eminent counsel assisting him." There was no error in the action of the court in this regard. In the first place, under the facts stated, the defendant could hardly have been surprised, as the witness had denied the same facts on an examining trial, previous thereto; and, if Jones had been present, it would not have been proper to use his testimony for the purpose of contradicting the witness. She did not testify to any facts damaging to the defendant, but simply denied stating facts that may have been beneficial to the defendant had she testified to them. A party is not authorized to impeach his own witness under the circumstances here stated. This is an old and well-settled rule. By bill of exceptions No. 3, it is shown the County Attorney asked the defendant's witness, Mattie Childers, if she had not been prosecuted for living in adultery with the defendant. The defendant objected to the question, but does not state the grounds of objection. He should have stated the grounds. However, the witness answered that she had not been prosecuted for living in adultery with the defendant; and we fail to see how this matter could have prejudiced the defendant in any way. It was not undertaken on the part of the State, so far as the record shows, to prove that she had lived in adultery with the defendant. Bill of exceptions No. 4 was reserved to the action of the court in stopping Lewellyn, one of appellant's counsel, in his argument, after he had been talking about forty minutes, and before he was through with his argument on the evidence in the case. It is further recited that he was the leading attorney employed. The court says in explanation of this bill: "At the beginning of the argument, the court announced that, if all the counsel addressed the jury, he would have to limit them; and they each stated that they would each address the jury; and the court fixed the time at two hours to the side, and no objection was made, and the argument proceeded accordingly. When the court informed counsel that his time was up, he asked for a few minutes in

which to close, and his time was extended ten minutes. Mr. Lewellyn closed the argument for the defendant, and reserved his exception after he had finished as above stated." The statute vests, in the judge presiding, discretion with reference to the argument of a case; and, unless this discretion is shown to have been abused, the judgment will not be reversed. The bill of exceptions does not state the number of counsel engaged in the case, nor is it shown or attempted to be shown that the restriction placed upon the arguments as to the time was injurious to the appellant. In Scott v. State, 36 S. W. Rep., 276, this court said: "We have heretofore stated that it was within the province of the judge trying the case to limit the argument within reasonable bounds, and that this court will not revise a case where the limitation had been made, unless there should appear to be that clear abuse of discretion calculated to injure or impair the rights of the appellant. See, Huntly v. State (Tex. Crim. App.), 34 S. W. Rep., 923, and authorities there cited. This limitation, however, should always be made before the beginning of the argument, and not after it has commenced." The bill under discussion does not show that the fifty minutes allowed appellant's counsel to discuss the case was not sufficient time within which said counsel could discuss the case; and, in the absence of such showing, we are not authorized to presume that he did not discuss the case sufficiently; nor can we presume that the time was not sufficient for him to say all that was necessary in regard to the matters involved in the discussion of the case. If counsel for appellant was not satisfied with the arrangement made prior to beginning the argument, then was the time to urge objections. He accepted the order of arrangement made by the court, and there is nothing to show any injury resultant therefrom. There was no error in this matter. As the record is presented to us, there is no reversible error, and the judgment is affirmed.

*Affirmed.*