Ronald Evans NELSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47512.

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Rehearing Denied Jan. 30, 1974.

**544**

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

REYNOLDS, Commissioner.

Appellant's conviction for the offense of robbery by assault, for which punishment of fifty (50) years confinement was assessed, is challenged, not on the sufficiency of the evidence to sustain the conviction, but on three grounds of alleged procedural errors. A preliminary statement is appropriate.

On the evening of November 5, 1971, two men, one of whom exhibited a pistol, took money from the possession of Eugene B. Jackson in the presence of Weldon Campbell, both employees of a 7–Eleven Store located on Peak Street at the intersection of Gaston Avenue in Dallas. A nearby city employee heard shots, saw two men running from the store, and followed the car in which the two men escaped. He secured and reported the license number of the car to the police. Shortly thereafter, appellant and Larry Wayne Smith were arrested. They were separately indicted, but jointly tried, and each was convicted on the return of separate guilty verdicts.

Appellant first complains that the trial court committed reversible error in permitting the state to interrogate appellant, over objection, about his prior arrest record. Under the circumstances, the interrogation was proper.

During appellant's direct testimony, his counsel asked, ". . . (H)ave you ever been in trouble before?" This inquiry elicited from appellant the information that he had been convicted and placed on probation for forgery and passing.[1] Counsel then asked, "Is that all of the trouble you have been in?" Appellant's response was that he had been convicted and served thirty months in the Department of Corrections for the offense of assault with a prohibited weapon.[2] Appellant then proclaimed his innocence of the robbery for which he was being tried.

On cross-examination, the prosecutor, referring to appellant's mention of the trouble he had been in, was permitted to ask, over objection that it did not pertain to a final conviction if appellant ". . . were arrested in Houston back in February, 1967, for four cases of burglary, three cases of theft and three cases of passing a forged instrument?" Appellant denied the arrests. He then was asked if he were arrested for the offense of destruction of private property on March 26, 1969. He denied this arrest. Appellant was next asked if, and he denied that, he was arrested for burglary in Dallas when he was 17 years old. The state offered no proof of the arrests, but submitted, and there was admitted for the record only, and not for the jury's information, an arrest record. The record carried the same name and the same date of birth as those of appellant

---

1. The record shows this offense actually was unlawfully passing as true a forged instrument in writing. Imposition of sentence on the assessed punishment of five years confinement was suspended, and appellant was placed on probation. Subsequently, the probation was revoked and the sentence was reduced to three years confinement.

2. The punishment assessed was three years confinement.

and showed the arrests inquired about by the prosecutor.

 Although appellant does not question, and in fact stipulated, the good faith of the prosecutor in relying on "appellant's arrest record," appellant contends the allowance of the interrogation, and the court's failure to instruct the jury to disregard the "evidence" when the state did not identify the appellant as the person charged, was reversible error. It is appellant's position that in itemizing his two previous convictions when asked if he ever had been "in trouble before," he "in no way opened up" interrogation about any arrest for which he had not been convicted. In essence, the complaint is that appellant was improperly impeached. The procedure was not reversible error for two reasons.

Generally, as stated in Ochoa v. State, 481 S.W.2d 847 (Tex.Cr.App.1972), upon which appellant relies, charges of offenses are inadmissible for impeachment purposes unless the charges resulted in final convictions for felony offenses or final convictions involving moral turpitude, none of which are too remote; however, as distinguished in *Ochoa*, there is an exception. The exception arises when the witness, by his direct testimony, leaves a false impression of his "trouble" with the police. In that situation, it is legitimate to prove that the witness had been "in trouble" on occasions other than those about which he offered direct testimony.

The exception is applicable here. Appellant's direct testimony conveyed the distinct impression that his two prior convictions were the only instances in which he had been "in trouble." The entire tenor of appellant's direct testimony was that, except for those two instances, he was free from trouble with the police. Having "opened the door" to his "troubles," appellant is in no position to complain because the prosecutor entered with an attitude of curiosity.

In similar situations, good faith inquiry such as is complained of here has been sanctioned, even though the state offered no proof of the arrests inquired about. For example, in Alexander v. State, 476 S.W.2d 10 (Tex.Cr.App.1972), where the defendant testified on direct examination that "he had not been in trouble before," the state was permitted to inquire about prior arrests for extraneous offenses to refute appellant's blanket statement concerning his exemplary conduct. In Heartfield v. State, 470 S.W.2d 895 (Tex.Cr.App. 1971), questions concerning the defendant's arrests were held proper after he had directly testified "since 1949 he had not been in trouble with the law." And in Barnett v. State, 445 S.W.2d 205 (Tex.Cr.App. 1969), we held that cross-examination on arrests, which the defendant denied, after he had testified that he had not "been in any trouble with the law in the past eight years" was not error over an objection that it was improper cross-examination.

 Secondly, after appellant denied the arrests, the matter was not further pursued and no attempt was made to prove the arrests. To constitute impeachment, it would have been necessary to prove the arrests. Absent such proof, appellant's denial of the arrests was not contradicted and the arrests could not be used for impeachment purposes; therefore, the matter of impeachment is not presented. Ochoa v. State, supra; Bailey v. State, 37 Tex.Cr.R. 579, 40 S.W. 281 (1897). The first ground is overruled.

Appellant moved for and was properly granted a hearing [3] outside the jury's presence to determine if the identification of appellant by the witnesses Eugene B. Jackson and Weldon Campbell was tainted by viewing the appellant in a police line-up or by being shown appellant's photographs. At the conclusion of the hearing, the court

---

3. The procedure recommended in Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969), was followed.

filed findings of fact from which were drawn the legal conclusions that the witnesses' identification of appellant was not tainted by either the police line-up or by photographs, if any, of appellant. Thereafter, both witnesses gave in-court identification testimony.

Although the procedure followed in the line-up is not questioned, appellant asserts, in his second ground, error in the admission of the in-court identification testimony by the witness Weldon Campbell. The premise is that Campbell's identification was tainted because he testified in the preliminary hearing that his identification was based on his observation of the appellant during both the robbery and the line-up. No authority is cited for the alleged error.

Even if the admission of Campbell's identification testimony were error, a determination we need not make, it was not reversible error. Jackson's identification of appellant is not challenged. Therefore, the identification being properly in evidence as a result of Jackson's testimony, any error in admitting the same evidence from Campbell is not reversible error. Bacon v. State, 500 S.W.2d 512 (Tex.Cr.App. 1973). The second ground is overruled.

Lastly, appellant claims it was an erroneous abuse of the court's discretion to refuse his motion to sever his trial from that of defendant Smith. Citing Article 36.09, Vernon's Ann.C.C.P., as requiring a severance to prevent prejudice, appellant asserts he was prejudiced by having his punishment submitted to the same jury that was simultaneously considering the punishment of defendant Smith, who was subject to a mandatory life sentence. The record reflects the following occurrences.

The trial indictment returned against appellant contained a presentment of a previous conviction. Prior to trial, this enhancement portion of the indictment was stricken. At the beginning of this trial, appellant orally moved the court to exercise its discretion and grant a severance because it would be prejudicial to appellant, in the event of conviction, to have his punishment submitted with that of defendant Smith, who was under indictment as an habitual criminal. The motion was denied, conditioned that if during the trial it appeared to the court that appellant was prejudiced, the motion would be granted. During the trial, appellant moved for a mistrial, alleging as a basis, among other matters, the failure of the court to grant a severance. The motion was denied. Following appellant's conviction, the severance motion was reurged prior to the hearing on punishment, and again it was denied.

No evidence was offered in support of the motion at any of the times it was made. No showing was made that the court was advised of the extent of defendant Smith's criminal record. Smith did not testify and the jury was not informed of his record during the guilt stage of the trial. During appellant's direct testimony he admitted two final felony convictions, and these two convictions were admitted in evidence at the penalty stage of the proceedings.

An in-depth consideration of the same contention made here arising under strikingly similar circumstances was undertaken in Johnson v. State, 449 S.W.2d 237 (Tex.Cr.App.1969), and in Robinson v. State, 449 S.W.2d 239 (Tex.Cr.App.1969). There, it was determined there was no error in denying a motion to sever absent the offer of supporting evidence as provided in Art. 36.09, V.A.C.C.P.; and, in any event, since the accused himself had a prior admissible criminal record, the denial of severance was not an abuse of the statutorily conferred discretion. The facets of the contention are fully treated in those opinions, pretermitting a further discussion here. The last ground is overruled.

The judgment is affirmed.

Opinion approved by the Court.