Wilson-R v. state 






AFFIRMED
NOVEMBER 21, 1990

NO. 10-89-158-CR
Trial Court
# 89-376-C
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          ROBERT WILSON,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

          Pleading not guilty, appellant Robert Wilson was found guilty by a jury of the offense of
burglary of a building. After finding that two prior felony convictions alleged in the indictment
for enhancement of punishment were "True," the jury assessed punishment at confinement in the
Texas Department of Corrections for a term of 40 years. This appeal resulted. 
          Appellant seeks reversal under five points of error that complain about an alleged
amendment of the indictment after the trial had commenced to change the name of the owner of
the building burglarized, the sufficiency of the proof to support the conviction, and the proof
surrounding a prior conviction. We overrule these points of error and we affirm the judgment.
          The victim of the offense was the second witness called by the State at the guilt/innocence
phase of the trial. He identified himself as R.C. Hudgens. The indictment against appellant
alleged that the victim was "R.D. Hudgens." Thus, the middle initials varied. The prosecutor
moved the trial court to delete the middle initial as surplusage. The motion was granted over
appellant's objection. Appellant also requested ten additional days under the provisions of article
28.10 of the Texas Code of Criminal Procedure to prepare for this deletion which appellant
denominated as an amendment of the indictment. This request for ten days was denied by the trial
court. The charge of the court to the jury at the guilt/innocence phase of the trial spelled the
victim's name as "R. Hudgens," deleting the incorrect middle initial. Appellant contends in his
first point of error that the court erred in amending the indictment during the trial, and erred in
refusing him ten days to prepare for this amendment. In his second point of error he treats the
deletion as an issue of idem sonans which he says should have gone to the jury as a fact question
and not to the trial court for correction.
          Any unnecessary words or allegations in an indictment may be deleted or disregarded as
surplusage if they are not legally essential to the validity of the indictment. Galloway v. State, 716
S.W.2d 556, 557 (Tex.App.--Waco 1986, pet. ref'd). Although appellant continually describes
the removal of the middle initial of the victim named in the indictment as an amendment, it is clear
from reading the charge to the jury that the trial court merely deleted the middle initial. There was
no amendment. The deletion was proper because middle initials are not legally essential to a
state's allegation of a name. A middle name or initial may be disregarded completely, and a
variance between the name in the indictment and the proof of the middle name or initial is neither
material nor fatal. Martin v. State, 541 S.W.2d 605, 606 (Tex.Cr.App. 1976). In Martin, the
court held that a middle name or initial may be disregarded; that a material variance between the
allegation and the proof of the middle name or initial is neither material nor fatal; and that "The
variance between the allegation that the complainant's middle name was Lynch and proof that her
middle name was Jones is neither material nor fatal." Since the action of the trial court in question
was a mere deletion of non-essential matter and not an amendment of the indictment, article 28.10
of the Code of the Criminal Procedure, which deals only with amendments to indictments, has no
application here. Similarly, the doctrine of idem sonans has no application because the deleted
matter was not material to the indictment or the conviction. The first two points of error are
overruled.
          One of the two prior convictions against appellant alleged in the indictment for
enhancement of punishment was a conviction "on the 27th day of September, 1963, in the 54th
District Court of McLennan County, Texas, in cause number 15350, . . . of a felony, to-wit: 
ROBBERY BY ASSAULT." Appellant pleaded "Not True," to this enhancement paragraph (and
to the other) at the punishment phase of his trial, and the issues of their truth were submitted to
the jury. Appellant asserts that the evidence was insufficient to sustain the jury's finding that his
conviction in case number 15350 was "True." We overrule this contention. The record includes
conclusive proof by way of a penitentiary packet that in cause number 15055, in the 54th District
Court of McLennan County, on the 27th day of September, 1963, appellant's probation in a felony
theft charge was revoked because he had committed the offense of robbery by assault, and he was
sentenced to serve not less than two years nor more than four years in the penitentiary on the
felony theft charge. Included in the penitentiary packet was an uncertified judgment in the 54th
Judicial District Court of McLennan County, Texas, in cause number 15350, in which the
defendant named Robert F. Wilson was adjudged guilty on September 27, 1963, of the offense of
robbery by assault and assessed as punishment confinement in the penitentiary for a term of ten
years. The judgment recites that it was further ordered by the court that the judgment and
sentence against the defendant in this case number 15350 would begin when the judgment and
sentence "against this defendant in criminal cause number 15055, in the 54th District Court of
McLennan County, Texas, . . . shall have ceased to operate." The evidence at the punishment
phase also included a copy of the judgment in case number 15350 duly certified by the District
Clerk of McLennan County, Texas. Finally, the record included a letter from appellant to the
judge of the 54th District Court of McLennan County, Texas, in which appellant, an inmate of the
penitentiary, requested a copy of the transcript and the statement of facts in the case "The State
of Texas v. Robert F. Wilson, a case of robbery by assault, trial date: September 27, 1963,"
along with the transcript and statement of facts in two other cases, including the felony theft case
numbered 15055 in which his probation was revoked on September 27, 1963. We hold that this
evidence was sufficient to establish that appellant was the Robert F. Wilson who was convicted
cause number 15350. Point of error number four is overruled.
          A witness who lived across the street from the complainant's property testified that on the
day in question she observed a pickup truck that was painted "primer gray" except for the door
on the driver's side which was painted "primer red" drive onto the complainant's property. 
Appellant, a younger man and a woman exited the pickup and went to the garage on the
complainant's property. With the other two standing nearby, the younger man broke the lock on
the garage with a crowbar. The younger man went into the garage and passed property from the
garage to appellant who was standing immediately outside the door of the garage. The items that
had been passed to appellant included some aluminum lawn chairs, some copper tubing and some
pots. Appellant and the other two placed these items in the bed of the truck and drove away. As
they were driving away, the witness called the police and told them what she had just seen. "A
little later," someone from the police department called the witness and asked her if she would go
to Lipsitz Salvage Yard. She went to the Salvage Yard, arriving about an hour after she had called
the police. There, she saw appellant and the other two in a police car. Nearby, was the pickup
she had seen them using at her neighbor's house. From the witness stand, she identified
photographs of the pickup and of the property the three had placed in the pickup from her
neighbor's garage. She said the property shown in the exhibits "looks like those aluminum chairs
and copper tubing that they took out of the garage." The complainant testified that he did not give
appellant permission to go into the garage; that among other items stolen from the garage were a
twenty-gallon aquarium, two cooking pots, a roll of copper tubing and some aluminum lawn chairs
that needed reweaving. He said that after the burglary, the police returned these items to him. 
          The jury was charged on the law of parties, and this theory was applied to the facts of the
case in the charge. Reviewing the evidence in the light most favorable to the prosecution under
this theory, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt, finding appellant guilty. Furthermore, the stolen property was positively
identified in the evidence and the proof was sufficient to establish that appellant's intent at the time
of the removal of the items from the garage was to commit the offense of theft. Appellant's third
and fifth points of error are overruled.
          The judgment is affirmed.
 
                                                                                                                              
                                                                                 VIC HALL
DO NOT PUBLISH                                                     Justice 



ts will not interfere therewith unless the
penalty prescribed is outside of constitutional limitations. Id. On occasion, appellate courts are
permitted to reform penalties which were given following an erroneous instruction where a fine
was assessed by the jury although the Legislature did not allow for one; however, an instruction
that falsely notifies the jury of the defendant's potential place of confinement goes beyond this
narrow exception. Tex. Code Crim. Proc. Ann. art. 37.10(b) (Vernon Supp. 1991); See Ex
Parte Johnson, 697 S.W.2d 605, 608 (Tex. Crim. App. 1985). The sentence in the instant case
infringes upon the exclusive power of the Legislature to affix penalties for the perpetration of a
given crime. Therefore, the trial court's error was fundamental, and Appellant's failure to object
did not waive the error.
          The issue raised by Appellant's fourth point of error is whether reversible error was
committed when the State attempted to impeach Appellant with a prior arrest for burglary. The
State contends that Appellant "opened the door" to the questions asked by the prosecutor when he
made a blanket denial of not having had any trouble with the law in the past ten years, other than
a couple of speeding tickets.
          It is well settled that, when a defendant chooses to waive his privilege against self-incrimination by voluntarily taking the witness stand, he is generally subject to the same rules as
any other witness. Bell v. State, 620 S.W.2d 116, 124 (Tex. Crim. App. 1981). The prosecutor
may question the defendant about prior arrests so long as the arrests resulted in final convictions
or the crime was one of moral turpitude. Tex. R. Crim. Evid. 609(a). An exception exists,
however, when the witness, by his direct testimony, leaves a false impression of the trouble he has
had with the police. Nelson v. State, 503 S.W.2d 543, 545 (Tex. Crim. App. 1974). Provided
the State pursues the matter of prior arrests in good faith and does not attempt to impeach the
defendant once he has denied having been arrested for the questioned crime, the defendant is
considered to have opened the door to the questions. Id.
          Here, defense counsel asked Appellant if he had been in any trouble with the law since a
conviction for aggravated assault in 1978, to which he responded that aside from a couple speeding
tickets he had not. This blanket statement was sufficient to leave in the minds of the jurors a false
idea of Appellant's conduct as being exemplary. By asking his client if he had been in any trouble
since 1978, Appellant's counsel conveyed to the jurors the idea that Appellant had never been in
any trouble, even though he had been arrested for burglary in 1976 and convicted for possession
of marijuana in 1982. Therefore, the State was justified in asking Appellant about his arrest for
burglary to remove the false impression of Appellant's exemplary conduct.
          Appellant further maintains that the State attempted to impeach him once he had denied the
arrest for burglary by asking him again if he had ever been arrested of the crime. Although the
State did ask Appellant twice if he had been arrested for burglary, his counsel objected
immediately after the second occurrence. The objection was sustained and the matter was not
pursued any further by the State. The fourth point of error is overruled.
          We affirm the trial court's judgment of guilt, modify the judgment to assess punishment
at one year in a community correctional facility and a $5,000 fine, and remand the portion of the
cause involving the determination as to which community correctional facility Appellant shall be
sentenced.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas, Justice Cummings
           and Justice Vance
Affirmed in part, modified in part, reversed and remanded in part
Opinion delivered and filed August 1, 1991
Publish