### Kenneth Perrin v The State.

#### No. 2875.   Decided February 10, 1904.

**1.—Charge of the Court—Manslaughter.**

The law provides that where a party with a weapon not calculated to kill, in a sudden transport of passion does kill, he is not guilty of manslaughter, unless the intent to kill evidently appears.   See charge which omits to charge this intent under a state of facts which required it.

**2.—Same—Repetition.**

It is error for the trial court by frequent repetition to place too prominently before the jury any principle of law involved in the case.

**3.—Same—Application of Law to Facts.**

See opinion for series of charges which are not subject to the criticism that they fail to apply the principles of law to the facts of the case, and were not placed along properly with appellant's instructions applicable to his defense.

**4.—Same.**

There was no error in the court's charge that if the jury had a reasonable doubt as to whether the killing was in justifiable self-defense or not, they should acquit; because it was a charge in defendant's favor.

**5.—Same.**

Where the evidence did not raise the issue of the law of maiming, it was not error to not charge upon that subject.

Appeal from the District Court of Fannin.   Tried below before Hon. Ben H. Denton.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*James H. Lyday,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—Appellant insists that the undisputed testimony shows that death was inflicted by a stick, which was not necessarily a deadly weapon, and that he had no specific intent to kill deceased when he struck him the fatal blow. This issue was fairly and fully submitted to the jury.   The court submitted the law applicable to article 717, Penal Code.   For a discussion of this question see Henry v. State, 34 Texas Crim. Rep., 306; Shaw v. State, 34 Texas Crim. Rep., 435; Honeywell v. State, 40 Texas Crim. Rep., 199; Martinez v. State, 35 Texas Crim. Rep., 386; Fitch v. State, 37 Texas Crim. Rep., 500.

BROOKS, Judge.—Appellant was convicted of manslaughter, and his punishment assessed at confinement in the penitentiary for a term of five years.   The evidence shows that appellant was a fireman at the gin in the town of Honey Grove, Fannin County.   Deceased was unloading wood at the edge of the shed over the furnace, when defendant told him not to pile the wood so high, as he could not reach it.   Some words passed between them, which are not made clear by the evidence.   Deceased got off his wagon and defendant started toward the wagon, they meeting

about half way. Deceased struck defendant a blow with his fist, and perhaps a second blow, and turned; and just as he did so, defendant struck deceased on the top of the head with a stick, about four and one-half feet long and an inch and a half in diameter. At the time the blow was struck deceased's back was to defendant. Deceased immediately fell backwards towards defendant in an unconscious condition, in which state he remained about fifty hours and died from the result of the blow. A short while after the difficulty defendant was arrested. The evidence shows that the parties had been on friendly terms for some months prior to the difficulty, and as far as the record shows there were no antecedent malice or former grudges.

In the third ground of his motion for new trial appellant insists the court erred in giving the following charge: "If you believe from the evidence beyond a reasonable doubt that defendant with a stick or club, which you find was a deadly weapon or instrument reasonably calculated and likely to produce death by the mode and manner of its use, in a sudden transport of passion aroused by adequate cause as the same is herein explained, and not in defense of himself against an unlawful attack reasonably producing a rational fear or expectation of death or serious bodily injury, did in Fannin County, Texas, at any time prior to February 18, 1903, unlawfully strike and kill Will Massie, the deceased, as charged in the indictment, you will find defendant guilty of manslaughter," etc. Appellant objected to this charge because it should have submitted the question of intent to kill, which was the crucial point; and having limited defendant's right to slay and kill to self-defense, the charge was equivalent to and did eliminate this question on a vital point from the consideration of the jury, and was in effect a charge on the weight of the evidence, and left the jury to conclude that in the opinion of the court defendant struck the fatal blow with the intent to kill; and that if the killing was not in self-defense, it was necessarily manslaughter. Because the weapon used not being a deadly weapon, defendant could not be convicted of any degree of any felonious homicide, unless it evidently appeared that defendant intended to slay. The charge given is not the law applicable to the facts of this case, as appellant insists, since the statute provides that where a party with a weapon not calculated to kill, in a sudden transport of passion, does kill, he is not guilty of manslaughter, unless the intent to kill evidently appears. This charge would authorize the jury to convict defendant of manslaughter if the facts existed; that is, if defendant in a sudden transport of passion struck deceased with a deadly weapon or instrument reasonably calculated and likely to produce death by the mode and manner of its use, and kills the adverse party, then, in that event, he would be guilty of manslaughter. This would be true if he intended to kill, but without this intent he would not be guilty of manslaughter. We think the charge is subject to appellant's criticism.

Appellant also insists that the court erred in frequently and repeatedly

defining manslaughter, and giving undue prominence before the jury to the injury of defendant. We find three separate charges on manslaughter in the court's main charge. It is error for the trial court by frequent repetition to place too prominently before the jury any principle of law involved in the case. Such repetition may tend to create an impression upon the minds of the jury as to what may be the opinion of the court with regard to the facts to which the principle is applicable. Bonner v. State, 29 Texas Crim. App., 224.

Appellant insists that the court erred in the twenty-eighth and twenty-ninth paragraph of the charge, in failing to apply the facts of the case to the principles of law therein correctly and negatively given, in order that the jury might apply them to the evidence; and because the same were not properly placed in said charge along with the instructions applicable to the defense. We do not think these criticisms are well taken. These charges are as follows: "28. The instrument or means by which a homicide is committed are to be taken into consideration in judging the intent of the party offending. If the instrument be one not likely to produce death it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears. 29. Where a homicide occurs under the influence of sudden passion, and by the use of means not in their nature calculated to produce death, the person killing is not deemed guilty of the homicide, unless it appears that there was an intention to kill, but the party from whose act the death resulted may be prosecuted for and convicted of any grade of assault and battery.    30. If you find that defendant struck Will Massey, and thereby killed him, and do not find that he intended to kill him, then you may find defendant guilty of an aggravated assault and battery, if he was not justifiable, and if the evidence shows he was guilty of that offense.    31. The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or degree of violence used, is an assault and battery. Any attempt to commit a battery or any threatening gesture, showing in itself or by words accompanying it an immediate intention coupled with an ability to commit a battery, is an assault.    32.    By the expression 'coupled with an ability to commit a battery' is meant that the person making the assault must at that time be in such a position and within such distance of the person assaulted to enable him to commit a battery on such person by the means used.    33. An assault and battery becomes aggravated when a serious bodily injury is inflicted upon the person assaulted, or when committed with a deadly weapon. A deadly weapon is one which, from the manner used, is calculated or likely to produce death or serious bodily injury.    34. If you find that defendant struck Will Massey with a stick or club with no intention to take his life, and that he was not justifiable on the ground of self-defense, and if you further find that such stick or club was then and there a deadly weapon, or that by means of such assault serious bodily injury was in-

flicted upon Will Massey, then you may find defendant guilty of an aggravated assault and battery, and if you find him guilty, you will assess his punishment at a fine not less than $25 nor more than $1000, or by imprisonment in the county jail not less than one month nor more than two years, or by both such fine and imprisonment." And then in a subsequent portion of the charge, the court applies the reasonable doubt between manslaughter and aggravated assault. In our opinion these charges are correct.

Appellant also complains that the court erred in the last two lines of paragraph 25 of his charge, wherein he uses the following language, to wit: "Or if you have a reasonable doubt as to whether such killing was in justifiable self-defense or not, you will acquit defendant." We see no error in this charge; but believe it is favorable to appellant. The court in another paragraph of the charge gives the usual charge on reasonable doubt. Here he tells the jury if they have a reasonable doubt as to whether or not such killing was in justifiable self-defense they will acquit. This charge was certainly favorable to appellant.

Appellant also insists that the court erred in failing to charge the law of maiming. We do not think the evidence raises this issue. Appellant was struck in the face by deceased and given a serious wound, or at least such wound as caused pain and bloodshed; but the record does not show any maiming of defendant. We do not deem it necessary to review the other errors assigned. For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*