### HENRY HASH V. THE STATE.

No. 10196.   Delivered June 16, 1926.

Rehearing denied October 20, 1926.

**1.—Sale of Intoxicating Liquor—Statement of Facts—Filed Too Late.**

Under Subdivision 5, Art. 760, of the 1925 Revision of the C. C. P., a statement of facts filed more than ninety days after the notice of appeal is given, cannot be considered by this court. Under the terms of this statute, the statement of facts in the case was not filed within the time, and cannot be considered.

**2.—Same—Voir Dire Examination of Jury—Rule Stated.**

It is better practice to permit counsel for the accused to have reason-

able latitude in the examination of jurors on their voir dire, in order that the right of the accused to exercise his peremptory challenges may not be restricted.. The denial of the right does not, however, demand a reversal of a case, unless it be shown that an objectionable juror has thereby been forced upon the defendant. Following Myers v. State, 7 Tex. Crim. App. 653, and other cases cited. Also see Branch's Ann. P. C. for collation of many authorities on this question.

ON REHEARING.

3.—Same—No Error Shown.

On rehearing, no errors are perceived in the original opinion of the court, and the appellant's motion is overruled.

Appeal from the District Court of Shackelford County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*L. H. Welch* of Breckenridge, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is the unlawful sale of intoxicating liquor, and the punishment is one year in the penitentiary.

The state suggests that the statement of facts was filed too late to be considered. The record discloses that the motion for a new trial was overruled and the notice of appeal given on the 9th day of December, A. D. 1925, and that the statement of facts was not filed in the court below until the 19th day of March, 1926. Under Subdivision 5, Art. 760 of the 1925 Revision of the C. C. P., a statement of facts filed more than ninety days after the notice of appeal is given cannot be considered by this court. Under the terms of this statute, the statement of facts will not be considered.

In the absence of a statement of facts, bill of exceptions No. 1 is the only one that presents matters that could present reversible error. This bill complains at the court's action in sustaining the state's challenge for cause to certain jurors. The bill shows that the state asked the jurors in a body if they had formed an opinion as to the guilt or innocence of the defendant and from what they had heard might such opinion influence their verdict if taken as a juror in the case, and that some of such jurors answered "Yes," and the District Attorney then challenged said jurors for cause, and said challenge for cause was sustained.

We have many times suggested to trial courts the propriety of allowing to appellant's counsel latitude in the examination of jurors, in order that the right of a peremptory challenge may be properly exercised. We think it also true that considerable latitude should be allowed to enable the party on trial to determine the correctness of a state's challenge for cause. In the instant case we do not think the trial court should have refused appellant's request to examine the jurors. A few brief moments would have sufficed to have eliminated the question from this case, and certainly no harm could have been done the state in permitting counsel for the appellant to satisfy himself as to the qualifications of the jurors challenged. It does not follow, however, that because we think the court should have permitted counsel to have interrogated these jurors that his failure to do so constitutes reversible error. The bill of exceptions presenting the matter does not show or attempt to show that any objectionable juror was taken on the case and fails to show or suggest that any injury was done to the appellant by reason of the court's ruling, and fails to show that appellant exhausted his peremptory challenges. The mere fact that a qualified juror may be improperly excluded by the court is not within itself sufficient grounds for reversal of the case. The bill of exceptions must go further and show that the appellant suffered some injury by reason of the court's incorrect ruling. It has been frequently held where an appellant's challenge has been overruled that unless the bill of exceptions shows that one or more of the jurors who tried the case was objectionable, the error in overruling the challenge for cause by the court will not be revised on appeal, although appellant exhausted his peremptory challenges. Myers v. State, 7 Tex. Crim. App. 653; Ellis v. State, 154 S. W. 1012. Also see Sec. 543 Branch's Ann. P. C. for collation of many authorities on this question.

Finding no error in the record, the judgment is in all things affirmed. *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE. — We have re-examined the record in the light of the appellant's motion for rehearing and perceive no reason for a change of the view expressed in the original hearing.

The motion is overruled. *Overruled.*