FRED HILL V. THE STATE.

No. 17670.  Delivered October 30, 1935.
Rehearing Denied December 4, 1935.

The opinion states the case.

*Henry Houston Jones,* of San Antonio, and *J. M. Griffith,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

The proof on the part of the State was to the effect that on the 7th of January, 1935, appellant, who is a negro, shot and killed Will Foster, a street car conductor. The homicide was

committed in the perpetration of robbery. Appellant made a voluntary confession in which he fully admitted his guilt. Upon the trial he entered a plea of guilty.

Appellant's exceptions to the charge of the court were not well taken. The trial judge gave the ordinary charge upon a plea of guilty.

Appellant made two voluntary statements, both of which were introduced in evidence by the State. Appellant objected to the introduction of the first statement on the ground that it was at variance with his second confession. This objection was properly overruled.

It appears from bill of exception No. 3, that, over appellant's objection, the court sustained challenges for cause on the part of the State to several jurors. The bill of exception shows that appellant failed to exhaust his peremptory challenges. The bill fails to show that any jurors who were objectionable to appellant were taken on the case. In short, the bill fails to show that appellant was injured by the ruling of the court. Hash v. State, 286 S. W., 1102; Luttrell v .State, 31 S. W. (2d) 818.

A careful examination of the record leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists in his motion for rehearing that the trial court erred in not granting a new trial because of the fact that one juror in his case was the father-in-law of the State witness Thorp. The fact that one is related to a witness in a case is not made ground for challenge for cause. Certainly if the accused failed to ask the proposed juror as to his relationship to any or all persons who were witnesses in the case, and failed to make some objection upon such ground prior to the trial of the case, he could not excuse himself for his failure to make such inquiry,—nor could he base a proper request for a new trial upon his own failure and negligence. This is the only ground of the motion for rehearing.

The motion for rehearing is overruled.

*Overruled.*