**Leobardo OCHOA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45305.**

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied July 12, 1972.

Rankin, Kern & Martinez by Walter L. Reed, Jr., McAllen, for appellant.

Oscar B. McInnis, Dist. Atty., Thomas P. Beery, Asst. Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant pled guilty to the offense of murder under the provisions of Article 802c, Vernon's Ann.P.C. The punishment was assessed by the jury at 5 years.

Appellant's sole ground of error is that the court erred in allowing "the prosecutor to present to the jury evidence for enhancement and impeachment purposes, prejudicial testimony on two constitutionally void misdemeanor convictions thereby denying appellant due process." We do not agree.

■ This was a plea of guilty before a jury to a felony charge and it is well established that such a plea admits the existence of all facts necessary to establish guilt, and in such cases, the introduction of testimony is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. Darden v. State, 430 S.W.2d 494 (Tex.Cr.App.1968), and cases there cited. Thus, the claim of error, if any, relates to the issue of punishment. *Cf.* Basaldua v. State, 481 S.W.2d 851 (Tex.Cr.App.1972).

Testifying in his own behalf, the appellant admitted, on direct examination, he had been convicted of the misdemeanor offense, driving while intoxicated, in 1961 and had paid a fine for writing a "hot check" but had never been convicted of a felony.

On cross examination, the following transpired:

Q "[Prosecutor] All right, sir. Now, when Mr. Rankin was talking to you here a few minutes ago, I believe that he asked you if you had ever been arrested and you stated you had been for the drunk driving charge and also for the bad check charge; isn't that right, sir?

A "Yes, sir.

Q "And, do you recall that you were ever arrested on any other occasions other than those two times?

A "No, sir, I don't recall.

Q "Well, sir, do you recall that you were arrested by the Mission Police Department on the 19th day of July, 1963, for reckless driving?

A "I don't recall that.

Q "No license plates and no driver's license and you were fined a Hundred Dollars, and also Twenty-Five Dollars on the other charge in Corporation Court of the City of Mission?

A "I don't recall that, sir.

Q "And, do you recall that you were arrested by the Mission Police Department on the 7th day of June, 1963, for simple drunkness and fined Ten Dollars in Corporation Court?

A "No, sir, I don't recall it.

Q "You don't recall those situations?

A "No, sir."

It is appellant's contention that the misdemeanor convictions were constitutionally void in light of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and their use for either enhancement of punishment or impeachment purposes was precluded. See also Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). We need not determine whether these cases are applicable to misdemeanor cases for there are several reasons that appellant's ground of error is without merit.

■ First, we observe that there was no objection to the line of interrogation now complained of and, thus, the error, if any, is not properly preserved for review. Maldonado v. State, 467 S.W.2d 468 (Tex.Cr.App.1971). *Cf.* Blake v. State, 468 S.W.2d 400 (Tex.Cr.App.1971).

■ Secondly, there is no proof that the appellant was not, in fact, represented by counsel at the time of the prior convictions. The matter is only asserted in the appellant's brief. The same is true as to any claim that counsel was not waived. Further, there is no allegation or proof as to indigency at the time of the prior convictions, nor any claim that appellant had counsel and was deprived of his services. Even if the *Gideon-Burgett* line of cases is applicable to misdemeanor cases, as claimed by the appellant, they would not be applicable to the case at bar. Hathorne v. State, 459 S.W.2d 826 (Tex.Cr.App.1970).

Thirdly, after the appellant testified he could not recall any such convictions, the matter was not further pursued by the State. No proof of the same was offered so that the same could be used for enhancement or impeachment. *Cf.*, e. g., Lopez v. State, 171 Tex.Cr.R. 552, 352 S.W.2d 106, 108 (1961).

And, no claim is advanced and there is no showing that the prosecutor acted in bad faith. Keel v. State, 434 S.W.2d 687 (Tex. Cr.App.1968); Lee v. State, 470 S.W.2d 664 at 665, f.n. 1 (Tex.Cr.App.1971).

■ Since appellant contends that the convictions were used for both enhancement and impeachment, we make the following observations. The misdemeanor convictions inquired about were not and could not have been legally alleged for enhancement of punishment under the provisions of either Article 62 or 63, Vernon's Ann.P.C., since the primary offense alleged was a non-capital felony offense. Further, the convictions could not have been used as a part of the appellant's "prior criminal record" unless they were convictions obtained in a court of record, or were final convictions material to the offense charged. Article 37.07, subd. 3(a) Vernon's Ann.C.C.P.[1]

■ As to impeachment under Article 38.29, Vernon's Ann.C.C.P., it must be remembered that the conviction must be a final one and must be for a felony offense or one involving moral turpitude, and even then it must not be too remote. See Stephens v. State, 417 S.W.2d 286 (Tex.Cr. App.1967). The misdemeanor convictions here inquired about would not appear to involve moral turpitude.[2] Gibbs v. State, 385 S.W.2d 258 (Tex.Cr.App.1965) (drunkenness); Hoover v. State, 449 S.W.2d 60 (Tex.Cr.App.1970) (drunkenness). *Cf.* Stephens v. State, supra, f.n. 1, (driving while intoxicated and driving while license suspended); 1 Branch's Ann.P.C.2d ed. § 191, p. 211.

■ An exception to the foregoing prevails, however, where the witness makes blanket statements concerning his exemplary conduct such as having never been arrested, charged or convicted of any offense, or having never been "in trouble," or purports to detail his convictions leaving the impression there are no others. Stephens v. State, supra; Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634 (1957) and cases there cited. In such cases, the State may refute such testimony despite the nature of the conviction used or its remoteness. Stephens v. State, supra.

In the instant case, we need not determine whether the appellant fully opened the door by his inquiries under direct examination,[3] since earlier noted there was no objection and no showing of bad faith. See Wingate v. State, 383 S.W.2d 601 (Tex. Cr.App.1964).

The judgment is affirmed.

---

1. If it had been proven, a simple drunk conviction would have been material to the offense charged under Art. 802c, supra.

2. One further comment on the prosecutor's inquiry concerning a prior conviction for "reckless driving." The reckless driving statute, Acts 1947, 50th Leg., ch. 421, § 51, codified in Article 6701d § 51 Vernon's Ann.Civ.Sta., was held unconstitutional by this court in Ex parte Chernosky, 153 Tex.Cr.R. 52, 217 S.W.2d 673 (1949), and Ex parte De La Pena, 157 Tex.Cr.R. 560, 251 S.W.2d 890 (1952). This statute was not amended until last year, Acts 1971, 62nd Leg., ch. 83, p. 731, effective August 31, 1971. Thus, any conviction for "reckless driving" under the old statute would, indeed, be "void", but not for the reasons urged by appellant. However, as we read the record, the most that is shown is an inadvertent misstatement of the prosecutor as to the nature of the supposed prior conviction. Such inadvertence is understandable in that the term "reckless driving" is often carelessly and imprecisely used to denote nearly any traffic offense. In light of the highly ambiguous record before us, unclarified by a timely objection at trial, the fact that the issue was not raised on appeal, and no showing of any bad faith on the part of the prosecutor, no error is shown.

3. *Cf.* Rodriquez v. State, 160 Tex.Cr.R. 453, 272 S.W.2d 366 (1954).