**Percy PAGE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45896.**

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Michael L. Morrow, Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment upon a plea of guilty, 75 years.

Appellant's first ground of error is that the court erred in permitting the prosecutor to ask the appellant a certain question at the hearing on punishment. On direct examination, appellant testified that in 1964 and 1967 he was convicted for forgery, in 1965 for making a false statement to obtain benefits under the Texas Unemployment Compensation Act, and in 1971 for passing as true a forged instrument. He further stated that before going to the "penitentiary" he had never been convicted or arrested "on any type of violence, assault or anything of that nature." On cross-examination he was asked and answered affirmatively, without objection, if he could remember being arrested in 1962 for "the offense of carrying a concealed weapon, armed robbery, burglary and theft all at the same time on the same day."

 The State contends, and we agree, that its cross-examination was not improper in view of appellant's. testimony on direct examination that he had never been involved in a violent crime. No bad faith on the part of the prosecution is alleged or shown. Alexander v. State, Tex.Cr.App., 476 S.W.2d 10; Heartfield v. State, Tex. Cr.App., 470 S.W.2d 895; Robertson v. State, Tex.Cr.App., 463 S.W.2d 18; Pyeatt v. State, Tex.Cr.App., 462 S.W.2d 952; and Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634.

Appellant's second ground of error claims, without citation of authority, that the court erred in excluding the prospective juror Danielson. This court has consistently held that in order to complain of the exclusion of a qualified juror, the appellant must show he was injured or forced to proceed with an objectionable juror. Bitela v. State, 162 Tex.Cr.R. 319, 285 S.W.2d 726 and the cases cited therein.

Appellant's last ground of error is that the court erred in permitting the State to dismiss the firearms portion of the indictment.

Such contention was decided adversely to the appellant in Thomas v. State, Tex. Cr.App., 451 S.W.2d 907, and cases there cited.

We have examined appellant's pro se brief and conclude the contentions it raises are without merit.

Finding no reversible error the judgment is affirmed.