**Jimmie Green JOE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 6–88–056–CR.

Court of Appeals of Texas,
Texarkana.

June 13, 1989.

David A. Bishop and Michael B. Charlton, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

CORNELIUS, Chief Justice.

Appellant Jimmie Green Joe was convicted of murder. The jury assessed her punishment at life imprisonment.

---

The sufficiency of the evidence is not challenged. The State's evidence showed that appellant killed her husband of twenty-eight years by shooting him three times while he sat on a couch.

Appellant assigns three points of error in which she contends that she should have a new trial because the State was improperly allowed to introduce evidence of extraneous offenses at the punishment phase of the trial, and was allowed to argue those offenses to the jury on the issue of punishment. We overrule all points and affirm the judgment.

At the punishment stage of the trial, defense counsel elicited testimony from several of appellant's acquaintances and relatives to the effect that she was not a violent person and that she could be rehabilitated if she was granted probation. In cross-examining some of these witnesses, the State's counsel was allowed to ask if they had heard about past acts of violence appellant committed toward her husband and her mother. Also, appellant testified, and on cross-examination denied that she had threatened to "come after" one of the State's witnesses who had testified against her. The State then proved, on direct testimony by the witness Janice Womack, that after the verdict on guilt had been returned appellant turned to the witness Joan Lilly and said, "Joan, I'm coming after you."

Appellant argues that she is entitled to a new trial because proof of these acts constituted evidence of unadjudicated offenses and therefore was not admissible at the punishment stage of the trial, even to meet her application for probation. *See Murphy v. State,* No. 102–86 (Tex.Crim.App., April 6, 1988) (not yet reported); Tex.Code Crim. Proc.Ann. art. 37.07, § 3 (Vernon 1981 & Supp.1989).

■ We disagree for two reasons. First, no objection whatever was made to any of this evidence when it was offered. Thus, any complaint was waived. Appellant did make a motion in limine which asked the court to exclude at the punishment stage evidence of "any of the defendant's conduct other than the crime that is charged in the indictment." Defense counsel later elaborated on his motion and specifically referred to "some remarks made by the defendant yesterday." The trial court overruled the motion and stated, "I'm going to overrule the motion. You can object, counsel, any time you want to object." Defense counsel answered, "Yes, Your Honor."

To preserve error there must be an objection to the proffered evidence at the time it is offered. A denial of a previously offered motion in limine is not sufficient. *Basham v. State,* 608 S.W.2d 677 (Tex.Crim.App. [Panel Op.] 1980); *Harrington v. State,* 547 S.W.2d 616 (Tex.Crim.App.1977).

■ Second, the State's evidence became admissible when the defense "opened the door" and attempted to create a false impression by offering evidence that appellant had never been a violent person.

Evidence of extraneous unadjudicated offenses is not admissible at the punishment stage of the trial when the defendant has *only* filed an application for probation, *Murphy v. State,* supra, but the State can rebut testimony by the defendant or others which tends to create a false impression, such as that the defendant is not a violent person, or has never been in trouble with the law, or the like. *Prescott v. State,* 744 S.W.2d 128 (Tex.Crim.App.1988); *Franklin v. State,* 494 S.W.2d 825 (Tex.Crim.App. 1973); *Page v. State,* 486 S.W.2d 300 (Tex. Crim.App.1972); *Ochoa v. State,* 481 S.W.2d 847 (Tex.Crim.App.1972).

■ Appellant also argues that it was error for State's counsel to argue the extraneous acts to the jury.

The prosecution may not encourage the jury to assess additional punishment to the defendant for acts or crimes not on trial, *Klueppel v. State,* 505 S.W.2d 572 (Tex. Crim.App.1974), but the State is entitled to comment on matters which are in evidence and which are helpful to the jury in its consideration of the accused's fitness for probation and the probabilities of rehabilitation.

State's counsel here did not call for additional punishment because of appellant's

conduct. Rather, she referred to appellant's personality, the violent acts, and the threats against witnesses in arguing that the jury should not give her probation or a short sentence of confinement. There was no error.

For the reasons stated, the judgment of the trial court is affirmed.