Fisher v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-125-CR





LEE FISHER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 106,354, HONORABLE BOB PERKINS, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of aggravated robbery. Tex. Penal Code Ann. 
§ 29.03 (Supp. 1992). The trial court assessed punishment at imprisonment for forty years. In
a single point of error, appellant argues that the trial court erred by allowing the State to ask
appellant whether he had previously shot a person with a shotgun. We will affirm the conviction.

 Testifying in his own behalf, appellant stated on direct examination that he had
never raised a gun to anyone and that he never would raise a gun to anyone and demand anything. 
The following occurred on cross-examination over appellant's objection:


 

Q. Isn't it true that on March the 3rd of 1990, you were at a Stop and Go that's
located on Parkfield Drive?


A. Yes, ma'am.


Q. And isn't it also true that you walked up to a group of people that you knew
other than black males with a sawed-off shotgun and pointed it at that group
of people?


A. No, ma'am it isn't.


Q. And after you did this there was a scuffle and that shotgun went off, and
this is a friend of yours by the name of Steven Henry. Isn't that true?


A. No, ma'am, it isn't. . . .


 . . . . 


Q. Your testimony to this jury is that you were not the person with that
shotgun?


A. Can I tell my side?


Q. Is your testimony that you were not the person with that shotgun?


A. Yes, ma'am.


Q. And you did not have a gun at that time.


A. No, ma'am, I did not. . . .


 . . . .


Q. So you're going to stick to your story that you've never pointed a gun at
anybody.


A. That's right, ma'am. I have never been questioned by the police on
anything about that.



 Appellant essentially argues that by its questions on cross-examination, the State
improperly tried to impeach him. Both appellant and the State argue that the propriety of these
questions depends on whether the Texas Rules of Criminal Evidence retain the "false impression"
exception to the rule against impeachment by unadjudicated offenses. See Tex. R. Crim. Evid.
Ann. 608(b), 609 (Pamph. 1991).

 We need not resolve this issue, however, because appellant denied having
previously shot anyone with a shotgun, and the State offered no proof of the incident. To
constitute impeachment, it would have been necessary to prove the incident; absent such proof,
appellant's denial that he had shot a person was not contradicted, and the unproved incident could
not be used for impeachment. Nelson v. State, 503 S.W.2d 543 (Tex. Crim. App. 1974); Ochoa
v. State, 481 S.W.2d 847 (Tex. Crim. App. 1972). Appellant does not claim or show that the
prosecutor acted in bad faith. Ochoa, 481 S.W.2d at 850. Because the matter of impeachment
is not presented, we overrule the point of error.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: January 29, 1992

[Do Not Publish]