NO. 07-03-0403-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 2, 2004



______________________________




JOSEPISH AUSTIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 15047-B; HONORABLE JAMES ANDERSON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION 


 Appellant Josepish Austin appeals his conviction for the felony offense of forgery. 
We will affirm. Appellant was charged, by indictment filed April 2, 2003, with committing
forgery by passing a forged check. The indictment contained two enhancement paragraphs
alleging prior felony convictions in 1992 and 1996. Appellant, represented by appointed
counsel, was convicted on his open plea of guilty on September 2, 2003, by the Honorable
James Anderson, judge of the Randall County Court at Law, sitting for the 181st District
Court. (1) Appellant also plead true to the indictment's enhancement paragraphs. He
informed the trial court he understood the written plea admonishments, stipulation of
evidence and judicial confession, and that he had signed them knowingly and voluntarily. 
After hearing evidence on punishment, the court assessed punishment at nineteen years
confinement in the Institutional Division of the Texas Department of Criminal Justice. 
Appellant filed a timely notice of appeal and the trial court appointed counsel on appeal. 

 Appellant's counsel has filed a brief stating he has carefully reviewed the record in
this case and concludes there is no reversible error and the appeal is frivolous. See Anders
v. California, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). The brief
thoroughly discusses the procedural history of the case and evidence presented at trial. 
In conformity with counsel's obligation to support the appeal to the best of his ability,
Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd), the brief
discusses three potential complaints on appeal and, citing authority, explains why none
show reversible error. Our review convinces us that appellate counsel conducted a
complete review of the record. Counsel also has filed a motion to withdraw and by letter
informed appellant of his rights to review the trial record and to file a pro se brief. Id. 
Appellant has filed a pro se brief in which he raises four points assigning error to the
judgment of the trial court. The State's brief responds to the points raised in appellant's
pro se brief.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If, after
reviewing the briefs submitted by appellant and his counsel, this court determines the
appeal has merit, we will remand it to the trial court for appointment of new counsel. See
Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 The three potential issues discussed in counsel's brief are whether: (1) appellant
was denied the reasonably effective assistance of counsel; (2) his plea was voluntary; and
(3) the trial court abused its discretion in assessing punishment. Counsel discusses why
none of these issues present arguable grounds for reversible error. The points raised in
appellant's pro se brief are: (1) that his trial counsel was ineffective and as a result his plea
was not knowing and voluntary; (2) the trial court erred in the admission of evidence; (3)
the trial court erred in considering prior convictions; and (4) application of the "habitual
offender law" to him was improper. Our discussion will focus on the points raised in
appellant's pro se brief.

 The standards by which the effectiveness of counsel is reviewed are set out in the
seminal case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984), and adopted by our Court of Criminal Appeals in Hernandez v. State, 726 S.W.2d
53, 57 (Tex.Crim.App. 1986). In order to show trial counsel was ineffective, a claimant
must establish two elements: 1) that his counsel's performance was deficient, and 2) the
deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. The first
component is met by showing that trial counsel made errors so significant that he was not
functioning as the counsel guaranteed by the Sixth Amendment to the United States
Constitution. Id. The second component necessitates a showing that counsel's errors
were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is
reliable. Id. A claimant must show that, but for counsel's errors, there is a reasonable
probability that the result of the trial would have been different. Id. at 694. A reasonable
probability is one sufficient to undermine confidence in the outcome. Id. 

 Appellant's pro se brief presents two arguments in support of his first point. The first
is that he was deprived of effective assistance of counsel because his trial counsel
erroneously advised him that if he plead guilty the court would apply Section 12.44 of the
Penal Code and he would be sentenced to six months confinement. His second argument
points to alleged deficiencies of trial counsel in failing to properly research the law and
facts. 

 In reviewing claims of ineffective assistance of counsel, we must begin with the
presumption that counsel's conduct fell within the wide range of reasonable and
professional assistance. Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). An
appellant bears the burden on appeal of overcoming this presumption. A claim of
ineffective assistance of counsel must be affirmatively supported by the record. Tabora v.
State, 14 S.W.3d 332, 336 (Tex.App.--Houston [14th Dist.] 2000, no pet.). Our review of
the record finds no support for appellant's claims of deficient performance or prejudice.

 The brief of appellant's counsel notes that at the time of appellant's plea the trial
court recited that appellant had stated he was satisfied with his counsel's representation
in the case. The only portion of the reporter's record relevant to appellant's claim of
misrepresentation by his trial counsel occurred after the prosecutor noted appellant
committed this offense after prior felony convictions and sentences of five, ten, and twelve
years. The prosecutor requested the court impose a sentence of more than twelve years
and "consider 20 years." Defense counsel responded that appellant "would like a
[reduction under Penal Code Section] 12.44, we've talked about that. I've explained to him
the range of punishment. We would ask - he does ask for your mercy and ask that you
give him something less than 12 [years confinement.]" This record does not support a
claim that defense counsel informed appellant he would get six months. 

 Viewing appellant's allegation as a challenge to the voluntariness of his plea leads
to the same conclusion. Written admonishments signed by the defendant, and the
reporter's record showing that the defendant orally represented to the court that he
understood the admonitions, constitute a prima facie showing that the plea was voluntary. 
Fuentes v. State, 688 S.W.2d 542, 544 (Tex.Crim.App.1985). A plea is not involuntary
simply because the punishment exceeds what the defendant expected, even if the
expectation is raised by the defendant's attorney. Hinkle v. State, 934 S.W.2d 146, 149
(Tex.App.--San Antonio 1996, pet. ref'd). Significant misinformation by counsel inducing
a guilty plea makes the plea involuntary. See Ex parte Kelly, 676 S.W.2d 132, 134-35
(Tex.Crim.App.1984). But an appellant's claim he was misinformed by counsel, standing
alone, is not enough for an appellate court to hold the plea was involuntary. Fimberg v.
State, 922 S.W.2d 205, 208 (Tex.App.- Houston [1st Dist.] 1996, pet. ref'd). Our duty is
to determine if the record supports a claim that the defendant's plea was the result of
significant misinformation by trial counsel. Flowers v. State, 951 S.W.2d 883, 885
(Tex.App.-San Antonio 1997, no pet.). The relevant portion of the reporter's record
discussed above does not support appellant's claim that he was assured of a six-month
sentence. 

 The second basis for appellant's ineffective assistance claim is that his counsel
failed to research the admissibility of his prior convictions for enhancement purposes and
failed to note that appellant's name was misspelled in the indictment. The admissibility of
appellant's prior convictions will be addressed in our discussion of appellant's third point
below. His complaint that his trial counsel failed to research the indictment and records
of his previous convictions, as evidenced by counsel's failure to correct the misspelling of
appellant's name on the indictment, is not borne out by the record. The record shows that
it was appellant's trial counsel, not appellant, who pointed out to the prosecution that
appellant's name was misspelled. The issue was presented to the trial court at the hearing
by the prosecutor who then amended the indictment to reflect the correct spelling. 

 Appellant's second point assigns error to the admission of appellant's "pen packet"
showing he had a prior conviction for burglary of a vehicle in Potter County in 1991. Citing
Dingler v. State, 768 S.W.2d 305 (Tex.Crim.App. 1989), appellant argues the exhibit
should not have been admitted because the Department of Criminal Justice "does not have
records of certified copies of [the] judgment and sentence." In Dingler, the court held
certification of prior convictions in a pen packet must include a certificate that the original 
bears a certification by the district clerk. Id. at 306. The State argues that appellant's
failure to object waived any error. 

 We agree any error was waived by the failure to make a timely objection. See Tex.
R. App. P. 33.1. There is a second reason this point fails to raise a meritorious issue. The
Court of Criminal Appeals overruled its holding in Dingler in Reed v. State, 811 S.W.2d
582, 584 (Tex.Crim. App. 1991). We find no merit in appellant's second point.

 Appellant's third point complaint is that the trial court acted improperly in considering
convictions more than ten years old to enhance his punishment. In support appellant cites
Ochoa v. State, 481 S.W.2d 847 (Tex.Crim.App. 1972), and Rule of Evidence 609(b). 
Ochoa does not support appellant's position because that opinion considered the use of
a prior misdemeanor conviction for enhancement and impeachment. 481 S.W.2d at 850. 
It was also decided under different statutory provisions than apply to appellant. The use
of prior convictions in punishment is now governed by Section 12.42 of the Penal Code. 
That section does not impose a time limit on the use of prior convictions for the purpose
of enhancing a defendant's punishment. Tex. Pen. Code Ann. §12.42 (Vernon 2003). 

 Rule of Evidence 609(b) governs the use of evidence of prior crimes for purposes
of impeaching a witness's credibility. It is inapplicable to evidence of prior convictions for
the purpose of enhancing punishment. Barnett v. State, 847 S.W.2d 678, 679 (Tex.App.--Texarkana 1993, no pet.). We find no merit in appellant's third point. This holding also
disposes of appellant's first point claim that his counsel's performance was deficient for
failing to object to the use of the prior convictions for enhancement purposes. Because the
record does not support appellant's claims that his counsel's performance was deficient,
he can not satisfy the first element of the Strickland test. Consequently his ineffective
assistance claim must fail. Appellant's first point presents no meritorious issue on appeal.

 Appellant's fourth point assigns error to the use of prior non-state jail felonies to
enhance punishment for the state jail felony of forgery. In support he cites State v. Warner,
915 S.W.2d 873 (Tex.App.--Houston [1st Dist.] 1995, pet. ref'd), where the court held that
under Section 12.42(d) of the Penal Code, prior felony convictions could not be used to
enhance punishment of a state jail felony. Id. at 874. We first note that the First Court of
Appeals overruled its holding in Warner in Smith v. State, 960 S.W.2d 372, 375
(Tex.App.--Houston [1st Dist.] 1998, pet. ref'd). Moreover, Section 12.42 has been
amended since Warner was decided. Appellant's sentence was enhanced under Penal
Code Section 12.42(a)(2) rather than Section 12.42(d). Section 12.42(a)(2) specifically
provides for the use of prior felony convictions to enhance punishment of a state jail felony
punishable under Section 12.35(a). See Tex.Pen. Code Ann. §§ 12.35(a), 12.42(a)(2)
(Vernon 2003). Appellant's fourth point does not present an arguable issue. 

 We have also made an independent examination of the record to determine whether
there are any arguable grounds which might support the appeal. See Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991). We agree it presents no meritorious grounds for
review. We grant counsel's motion to withdraw and affirm the judgment of the trial court.


 James T. Campbell

 Justice





Do not publish.
1. The State's brief represents Judge Anderson was sitting by assignment. No order
of assignment appears in the record. Under Judge Anderson's signature on the judgment
appears stamped text that the judge was "acting for & in the absence of" the 181st District
Court judge. At the hearing Judge Anderson stated he was acting in this felony case under
the authority of Section 25.1932(a)(4) of the Texas Government Code Annotated (Vernon
2004). See also Tex. Govt. Code Ann. § 25.1932(k) (Vernon 2004).



Priority="68" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0308-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

AUGUST 26, 2011

 

______________________________

 

 

JOHANSON LEE WATSON, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

 

NO. 9479; HONORABLE DAN MIKE BIRD, JUDGE[1]

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

On August 23, 2011, this Court sua sponte transferred to this cause
number the record from two previous mandamus proceedings[2]
brought by Appellant, Johanson Lee Watson. 
According to the limited record before this Court, on February 8, 1997,
Appellant was indicted in trial court cause number 9479 for the offense of sexual
assault of a child.  That same date, he
was also indicted in trial court cause number 9480 for the offense of burglary
of a habitation.  Pursuant to a plea
bargain agreement with the State, Appellant agreed to plead guilty to the
offense of sexual assault in exchange for the dismissal of the burglary of a
habitation offense.  

At the sentencing hearing held on August 8, 1997, for the
sexual assault conviction, the Honorable Tom Neely opened the proceedings by
announcing "[t]his is Cause Number 9480, the State of Texas versus
Johanson Lee Watson, also known as Johanson 'Joe-Boy' Watson."  The hearing proceeded and the trial court
ruled as follows:

the Court having found you guilty of the offense of sexual
assault of a child [cause number 9479] as alleged in the indictment, having
found the enhancement paragraph to be true, the Court assesses your punishment
at 20 years in the Institutional
Division of the Texas Department of Criminal Justice. 

 

A judgment reflecting that pronouncement of
sentence was entered in cause number 9479 on August 8, 1997.  Appellant did not appeal that conviction.  The indictment in cause number 9480 was
subsequently dismissed.

            On January 18, 2011, Relator filed a Motion for Leave for Judgment Nunc Pro Tunc
in both trial court cause numbers, arguing that the oral pronouncement at the
sentencing hearing in 1997 conflicted with the trial court's written judgment
in cause number 9479.  In April 2011, proceeding pro se and in forma pauperis, Appellant filed a mandamus proceeding in this
Court in cause number 07-11-0177-CV, seeking to compel Respondent to rule on that
motion.  This Court requested a response
from the trial court.  In lieu of a
response, on June 10, 2011, the trial court conducted a hearing on Appellant's
motion.  Following that hearing, the
trial court denied the request for a judgment nunc pro tunc and entered a written order memorializing that ruling.  Appellant's court-appointed counsel filed a
notice of appeal from that ruling, bearing trial court cause number 9479, which
notice gave rise to the instant appeal.[3]

            A
defendant in any criminal action has the right to appeal a conviction.  Tex. Code Crim. Proc. Ann.
art. 44.02 (West 2006).  Article 44.02 has been construed as allowing
an appeal only from a "final judgment" [of conviction].  See
Abbot v. State, 271 S.W.3d 694, 697 n.8 (Tex.Crim.App. 2008) (citing State v. Sellers, 790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990)).  Jurisdiction over other types of criminal
cases is permitted only when "expressly granted by law."  See Benford v. State, 994 S.W.2d 404,
409 (Tex.App.--Waco 1999, no pet.).  We
are unaware of any statute authorizing an appeal from the denial of a motion
for judgment nunc pro tunc.  Consequently, we hold that the order denying Appellant's
"Motion for Leave for Judgment Nunc Pro Tunc" is not an appealable
order.  See Castor v. State, 205 S.W.3d 666, 667 (Tex.App.--Waco 2006, no
pet.); Allen v. State, 20 S.W.3d 164,
165 (Tex.App.--Texarkana 2000, no pet.). 
Moreover, we find no justiciable controversy is presented by this proceeding
and we dismiss this appeal for want of jurisdiction.  

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

Do not publish.











[1]Hon. Stuart Messer, sitting by assignment.  Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).

 





[2]See In re Watson, No. 07-11-00157-CV,
2011 Tex. App. LEXIS 6493 (Tex.App.--Amarillo Aug. 15, 2011, orig. proceeding),
and In re Watson, No. 07-11-00177-CV, 2011 Tex. App. LEXIS
6482 (Tex.App.--Amarillo Aug. 15, 2011).





[3]Appointed counsel also filed a notice of
appeal from that ruling, bearing trial court cause number 9480, which notice
gave rise to the appeal in cause number 07-11-0309-CR.