NO. 07-03-0403-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 2, 2004

_____


JOSEPISH AUSTIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 15047-B; HONORABLE JAMES ANDERSON, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Appellant Josepish Austin appeals his conviction for the felony offense of forgery. We will affirm. Appellant was charged, by indictment filed April 2, 2003, with committing forgery by passing a forged check. The indictment contained two enhancement paragraphs alleging prior felony convictions in 1992 and 1996. Appellant, represented by appointed counsel, was convicted on his open plea of guilty on September 2, 2003, by the Honorable

James Anderson, judge of the Randall County Court at Law, sitting for the 181st District Court.[1] Appellant also plead true to the indictment's enhancement paragraphs. He informed the trial court he understood the written plea admonishments, stipulation of evidence and judicial confession, and that he had signed them knowingly and voluntarily. After hearing evidence on punishment, the court assessed punishment at nineteen years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal and the trial court appointed counsel on appeal.

Appellant's counsel has filed a brief stating he has carefully reviewed the record in this case and concludes there is no reversible error and the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). The brief thoroughly discusses the procedural history of the case and evidence presented at trial. In conformity with counsel's obligation to support the appeal to the best of his ability, *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd), the brief discusses three potential complaints on appeal and, citing authority, explains why none show reversible error. Our review convinces us that appellate counsel conducted a complete review of the record. Counsel also has filed a motion to withdraw and by letter informed appellant of his rights to review the trial record and to file a pro se brief. *Id.* Appellant has filed a pro se brief in which he raises four points assigning error to the

---

[1]The State's brief represents Judge Anderson was sitting by assignment. No order of assignment appears in the record. Under Judge Anderson's signature on the judgment appears stamped text that the judge was "acting for & in the absence of" the 181st District Court judge. At the hearing Judge Anderson stated he was acting in this felony case under the authority of Section 25.1932(a)(4) of the Texas Government Code Annotated (Vernon 2004). *See also* Tex. Govt. Code Ann. § 25.1932(k) (Vernon 2004).

judgment of the trial court. The State's brief responds to the points raised in appellant's pro se brief.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If, after reviewing the briefs submitted by appellant and his counsel, this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

The three potential issues discussed in counsel's brief are whether: (1) appellant was denied the reasonably effective assistance of counsel; (2) his plea was voluntary; and (3) the trial court abused its discretion in assessing punishment. Counsel discusses why none of these issues present arguable grounds for reversible error. The points raised in appellant's pro se brief are: (1) that his trial counsel was ineffective and as a result his plea was not knowing and voluntary; (2) the trial court erred in the admission of evidence; (3) the trial court erred in considering prior convictions; and (4) application of the "habitual offender law" to him was improper. Our discussion will focus on the points raised in appellant's pro se brief.

The standards by which the effectiveness of counsel is reviewed are set out in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show trial counsel was ineffective, a claimant

must establish two elements: 1) that his counsel's performance was deficient, and 2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The first component is met by showing that trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. *Id.* The second component necessitates a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, *i.e.*, a trial whose result is reliable. *Id.* A claimant must show that, but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.*

Appellant's pro se brief presents two arguments in support of his first point. The first is that he was deprived of effective assistance of counsel because his trial counsel erroneously advised him that if he plead guilty the court would apply Section 12.44 of the Penal Code and he would be sentenced to six months confinement. His second argument points to alleged deficiencies of trial counsel in failing to properly research the law and facts.

In reviewing claims of ineffective assistance of counsel, we must begin with the presumption that counsel's conduct fell within the wide range of reasonable and professional assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). An appellant bears the burden on appeal of overcoming this presumption. A claim of ineffective assistance of counsel must be affirmatively supported by the record. *Tabora v.*

*State*, 14 S.W.3d 332, 336 (Tex.App.--Houston [14th Dist.] 2000, no pet.). Our review of the record finds no support for appellant's claims of deficient performance or prejudice.

The brief of appellant's counsel notes that at the time of appellant's plea the trial court recited that appellant had stated he was satisfied with his counsel's representation in the case. The only portion of the reporter's record relevant to appellant's claim of misrepresentation by his trial counsel occurred after the prosecutor noted appellant committed this offense after prior felony convictions and sentences of five, ten, and twelve years. The prosecutor requested the court impose a sentence of more than twelve years and "consider 20 years." Defense counsel responded that appellant "would like a [reduction under Penal Code Section] 12.44, we've talked about that. I've explained to him the range of punishment. We would ask – he does ask for your mercy and ask that you give him something less than 12 [years confinement.]" This record does not support a claim that defense counsel informed appellant he would get six months.

Viewing appellant's allegation as a challenge to the voluntariness of his plea leads to the same conclusion. Written admonishments signed by the defendant, and the reporter's record showing that the defendant orally represented to the court that he understood the admonitions, constitute a prima facie showing that the plea was voluntary. *Fuentes v. State*, 688 S.W.2d 542, 544 (Tex.Crim.App.1985). A plea is not involuntary simply because the punishment exceeds what the defendant expected, even if the expectation is raised by the defendant's attorney. *Hinkle v. State*, 934 S.W.2d 146, 149 (Tex.App.--San Antonio 1996, pet. ref'd). Significant misinformation by counsel inducing a guilty plea makes the plea involuntary. *See Ex parte Kelly*, 676 S.W.2d 132, 134-35

(Tex.Crim.App.1984). But an appellant's claim he was misinformed by counsel, standing alone, is not enough for an appellate court to hold the plea was involuntary. *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex.App.– Houston [1st Dist.] 1996, pet. ref'd). Our duty is to determine if the record supports a claim that the defendant's plea was the result of significant misinformation by trial counsel. *Flowers v. State*, 951 S.W.2d 883, 885 (Tex.App.–San Antonio 1997, no pet.). The relevant portion of the reporter's record discussed above does not support appellant's claim that he was assured of a six-month sentence.

The second basis for appellant's ineffective assistance claim is that his counsel failed to research the admissibility of his prior convictions for enhancement purposes and failed to note that appellant's name was misspelled in the indictment. The admissibility of appellant's prior convictions will be addressed in our discussion of appellant's third point below. His complaint that his trial counsel failed to research the indictment and records of his previous convictions, as evidenced by counsel's failure to correct the misspelling of appellant's name on the indictment, is not borne out by the record. The record shows that it was appellant's trial counsel, not appellant, who pointed out to the prosecution that appellant's name was misspelled. The issue was presented to the trial court at the hearing by the prosecutor who then amended the indictment to reflect the correct spelling.

Appellant's second point assigns error to the admission of appellant's "pen packet" showing he had a prior conviction for burglary of a vehicle in Potter County in 1991. Citing *Dingler v. State*, 768 S.W.2d 305 (Tex.Crim.App. 1989), appellant argues the exhibit

should not have been admitted because the Department of Criminal Justice "does not have records of certified copies of [the] judgment and sentence." In *Dingler*, the court held certification of prior convictions in a pen packet must include a certificate that the original bears a certification by the district clerk. *Id.* at 306. The State argues that appellant's failure to object waived any error.

We agree any error was waived by the failure to make a timely objection. *See* Tex. R. App. P. 33.1. There is a second reason this point fails to raise a meritorious issue. The Court of Criminal Appeals overruled its holding in *Dingler* in *Reed v. State*, 811 S.W.2d 582, 584 (Tex.Crim. App. 1991). We find no merit in appellant's second point.

Appellant's third point complaint is that the trial court acted improperly in considering convictions more than ten years old to enhance his punishment. In support appellant cites *Ochoa v. State*, 481 S.W.2d 847 (Tex.Crim.App. 1972), and Rule of Evidence 609(b). *Ochoa* does not support appellant's position because that opinion considered the use of a prior misdemeanor conviction for enhancement and impeachment. 481 S.W.2d at 850. It was also decided under different statutory provisions than apply to appellant. The use of prior convictions in punishment is now governed by Section 12.42 of the Penal Code. That section does not impose a time limit on the use of prior convictions for the purpose of enhancing a defendant's punishment. Tex. Pen. Code Ann. §12.42 (Vernon 2003).

Rule of Evidence 609(b) governs the use of evidence of prior crimes for purposes of impeaching a witness's credibility. It is inapplicable to evidence of prior convictions for the purpose of enhancing punishment. *Barnett v. State*, 847 S.W.2d 678, 679 (Tex.App.--

Texarkana 1993, no pet.). We find no merit in appellant's third point. This holding also disposes of appellant's first point claim that his counsel's performance was deficient for failing to object to the use of the prior convictions for enhancement purposes. Because the record does not support appellant's claims that his counsel's performance was deficient, he can not satisfy the first element of the *Strickland* test. Consequently his ineffective assistance claim must fail. Appellant's first point presents no meritorious issue on appeal.

Appellant's fourth point assigns error to the use of prior non-state jail felonies to enhance punishment for the state jail felony of forgery. In support he cites *State v. Warner*, 915 S.W.2d 873 (Tex.App.--Houston [1st Dist.] 1995, pet. ref'd), where the court held that under Section 12.42(d) of the Penal Code, prior felony convictions could not be used to enhance punishment of a state jail felony. *Id.* at 874. We first note that the First Court of Appeals overruled its holding in *Warner* in *Smith v. State*, 960 S.W.2d 372, 375 (Tex.App.--Houston [1st Dist.] 1998, pet. ref'd). Moreover, Section 12.42 has been amended since *Warner* was decided. Appellant's sentence was enhanced under Penal Code Section 12.42(a)(2) rather than Section 12.42(d). Section 12.42(a)(2) specifically provides for the use of prior felony convictions to enhance punishment of a state jail felony punishable under Section 12.35(a). *See* Tex.Pen. Code Ann. §§ 12.35(a), 12.42(a)(2) (Vernon 2003). Appellant's fourth point does not present an arguable issue.

We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal. *See Stafford v. State,* 813

S.W.2d 503, 511 (Tex.Crim.App. 1991).  We agree it presents no meritorious grounds for review. We grant counsel's motion to withdraw and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.