**Raymond Earl BARNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–92–091–CR.**

Court of Appeals of Texas,
Texarkana.

Feb. 17, 1993.

William C. Terry, Bonham, for appellant.

Karla R. Baugh, Asst. Dist. and County Atty., Fannin County Courthouse, Bonham, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Raymond Earl Barnett was convicted of aggravated assault of a police officer. The jury set his punishment at seven years' imprisonment.

Barnett does not challenge the sufficiency of the evidence, but he raises five points of error in which he complains of various alleged trial court errors and jury misconduct. We overrule all these contentions and affirm the judgment.

Barnett first contends that the trial court erred in allowing the jury to have certain testimony reread to them. His complaint is that the court omitted some testimony that was pertinent to the jury's inquiry.

■ The jury foreman requested that the court reread to the jury the testimony of Officers Caylor and Sanderson as to whether Barnett was "leaning out the window during the times he was allegedly brandishing the knife, and testimony to the effect that he was slashing the knife toward the direction of the officers." The trial judge, pursuant to TEX.CODE CRIM. PROC.ANN. art. 36.28 (Vernon 1981),[1] had

---

1. TEX.CODE CRIM.PROC.ANN. art. 36.28 (Vernon 1981) provides:

   In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the

testimony on the question from the two officers read back to the jury. Although Barnett's counsel expressly agreed to the trial court's action, he now contends that additional portions of the officers' testimony should also have been read to the jury. We have reviewed the omitted portions of the testimony and find that they are not specifically pertinent to the subject of the jury's inquiry and, at best, would be only repetitious and cumulative of the testimony explicitly dealing with the inquiry and which was reread to the jury. Under the circumstances, we find no error.

■ Barnett next argues that his motion for new trial should have been granted because it revealed that the jury engaged in misconduct by discussing and considering his failure to testify. The motion for new trial was supported by the affidavit of Sidney Hale, one of the jurors. His affidavit stated no specific facts, but only the conclusory allegation that "the jury considered and discussed the Defendant's failure to testify and many of the jurors took such failure as a circumstance against the Defendant."

To establish jury misconduct because of a discussion of the defendant's failure to testify, the defendant must prove that the misconduct occurred, that it was material, and that it caused injury. *See Garza v. State,* 630 S.W.2d 272 (Tex.Crim.App. [Panel Op.] 1981). The trial judge is the trier of fact and judge of the credibility of the witnesses in ruling on a motion for new trial. The court may decide the motion from the affidavits or otherwise. Tex. R.App.P. 31(d).[2] The determination of a motion for new trial based on alleged jury misconduct is within the sound discretion of the trial judge.

Conclusory allegations of jury misconduct are insufficient to require the court to grant a motion for new trial.[3] The casual or incidental mention of a defendant's failure to testify will not constitute grounds for a new trial, especially when there is no specific evidence of materiality or injury. *Nacol v. State,* 590 S.W.2d 481 (Tex.Crim. App. [Panel Op.] 1979). In view of these principles, we find that the court did not err in failing to grant the motion for new trial.

■ Barnett also complains of jury misconduct as revealed by Sidney Hale's affidavit, where he stated that "[a]t least one or more of the jurors received outside information ... in that they were aware of the fact that Defendant had a previous felony conviction." This contention is overruled for the same reasons given for the previous point of error. The conclusory allegation of jury misconduct, without more, was insufficient to require the trial judge to grant a new trial.

Barnett next contends that the trial court erred in admitting, at the punishment stage of the trial, evidence of a prior conviction. He argues that the conviction was inadmissible because it occurred more than ten years before this trial.

■ Tex.Code Crim.Proc.Ann. art. 37.07, § 3 (Vernon Supp.1993) provides that, at the punishment stage of the trial, the State or the defendant may present evidence as to any matter relevant to sentencing, including the prior criminal record of the defendant. Convictions introduced at this stage of the trial are not subject to the remoteness limitations contained in Tex. R.Crim.Evid. 609(b).[4] That rule applies

---

court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other; but if there be no such reporter, or if his notes cannot be read to the jury, the court may cause such witness to be again brought upon the stand and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, as nearly as he can in the language used on the trial.

2. Tex.R.App.P. 31(d) provides: "The court is authorized to hear evidence by affidavit or otherwise and to determine the issues."

3. We assume for purposes of this case that a juror's testimony about discussions of a defendant's failure to testify would be competent under Tex.R.Crim.Evid. 606(b). *See Brown v. State,* 804 S.W.2d 566 (Tex.App.–Houston [14th Dist.] 1991, pet. ref'd).

4. Tex.R.Crim.Evid. 609(b) provides:
Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever

only to convictions introduced for impeachment purposes. Convictions admissible under Tex.Code Crim.Proc.Ann. art. 37.07, § 3(a) are not for impeachment purposes, but for assessing punishment.

Additionally, the conviction here was less than ten years old when calculated from the date of the defendant's release from confinement, as is authorized by Tex. R.Crim.Evid. 609(b). No error is shown.

In his final point, Barnett contends that at the punishment stage of the trial the State was improperly allowed to present evidence that he committed an extraneous offense by destroying certain property while he was committing the offense on trial. We overrule this contention. The testimony was not evidence of an extraneous offense. It merely showed the circumstances of the offense on trial.

For the reasons stated, we affirm the judgment of the trial court.

is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.