COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| RICARDO AVENDANO, |  | No. 08-06-00072-CR |
|  | § |  |
| Appellant, |  | Appeal from |
|  | § |  |
| v. |  | 384th District Court |
|  | § |  |
| THE STATE OF TEXAS, |  | of El Paso County, Texas |
|  | § |  |
| Appellee. |  | (TC # 20040D05414) |
|  | § |  |

**O P I N I O N**

Ricardo Avendano appeals his conviction of murder. A jury found Appellant guilty and assessed his punishment at imprisonment for a term of thirty-five years and a $10,000 fine. We affirm.

**FACTUAL SUMMARY**

On August 9, 2004, Appellant and Luis Reveles got into an altercation at Smokey's Pit Stop and Saloon. Reveles punched or pushed Appellant. The men exchanged words and Appellant asked Reveles to step outside and threatened to kill him. The bar bouncer escorted Appellant out of the bar through the back door. A short while later, Appellant returned and pointed a gun at Reveles. Appellant shot Reveles, Samuel Montoya, Lupe Chavez, and Claudia Mojarro. Claudia Mojarro died as a result of the gunshot wound.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In Point of Error One, Appellant contends he was denied the effective assistance of trial. He raises eight specific instances of allegedly deficient performance where counsel: (1) erroneously

elicited information that Appellant was dressed in clothing that was affiliated with gang members; (2) failed to object to the admission of the security videotape; (3) failed to move for mistrial after objection was raised when the prosecution attempted to introduce evidence as to the difference between Appellant's appearance during arrest and at trial; (4) elicited damaging testimony relating to the shooting from a witness; (5) failed to inquire specific information regarding a juror's relationship to a witness's aunt; (6) failed to request a motion to suppress or hold a hearing outside the presence of the jury concerning the involuntariness of the consent to search; (7) failed to specifically object to the jury charge which included a transferred intent application and failed to read the objectionable portion into the record; and (8) failed to question the court as to the absence of the special issue concerning sudden passion that was submitted.

### Standard of Review

We utilize a two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington* in determining claims of ineffective assistance of counsel. See *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999).

Under the first prong, the defendant must show counsel's performance was deficient, such that, counsel failed to function as "counsel" guaranteed by the Sixth Amendment. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Under the second prong, the defendant must also establish counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Jackson*, 877 S.W.2d at 771. Prejudice is established by showing there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *Jackson*, 877 S.W.2d at 771. Further, failure to make the required showing of deficient

performance defeats the ineffectiveness claim. *Jackson*, 877 S.W.2d at 771.

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Tong v. State,* 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). To prevail, an appellant must rebut the presumption that the challenged conduct might be considered sound trial strategy. *Id.* Without evidence of the strategy involved concerning counsel's actions at trial, the reviewing court will presume sound trial strategy. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex.Crim.App. 2003). It is Appellant's burden to prove ineffective assistance by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999); *Bradley v. State*, 960 S.W.2d 791, 804 (Tex.App.--El Paso 1997, pet. ref'd).

Allegations of ineffectiveness must be firmly founded and affirmatively demonstrated in the record. *Thompson*, 9 S.W.3d at 813. Generally, an appellant cannot rebut the presumption of reasonable assistance because the record on direct appeal is simply undeveloped and does not adequately reflect the failings of trial counsel. *Id.* at 813-14. A silent record that provides no explanation for counsel's actions will not ordinarily overcome the strong presumption of reasonable assistance. *See Rylander*, 101 S.W.3d at 110-11. An appellate court should not declare trial counsel ineffective without a record showing counsel had some opportunity to explain, absent conduct "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005), *citing Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001). Thus, in the absence of a record demonstrating the basis for trial counsel's action or inaction, a defendant will rarely be able to rebut the presumption that counsel's action or inaction constituted reasonable trial strategy. *See Thompson*, 9 S.W.3d at 814. In such circumstances, an appellant challenging trial counsel's performance faces a difficult burden and a substantial risk of failure. *Thompson*, 9 S.W.3d at 813.

Appellant did not file a motion for new trial and the silent record fails to demonstrate a basis for counsel's actions or inactions. Further, none of the allegations of deficient performance involve conduct "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 S.W.3d at 392. Accordingly, Appellant has not rebutted the presumption of reasonably effective assistance. *See Thompson*, 9 S.W.3d at 813-14. Appellant's first point of error is overruled.

**IMPROPER ARGUMENTS**

In Point of Error Two, Appellant complains about statements made by the prosecutor during voir dire and final argument during the punishment phase of trial. First, he asserts that during voir dire the prosecutor used harmful and prejudicial examples to illustrate different types of murder. Second, the prosecutor made an improper closing argument by arguing what the "community standard" was for punishment and commented on the message being sent to the community with the jury's verdict. Third, the prosecutor argued outside of the record regarding Appellant's actions following his departure from a bar he had been at earlier in the evening.

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely and specific request, objection, or motion. TEX.R.APP.P. 33.1(a)(1). Further, the record must reflect that the trial court either ruled or refused to rule on the complaint. TEX.R.APP.P. 33.1 (a)(2). Appellant did not object to the prosecutor's comments made during voir dire or to the argument pertaining to the message being sent to the community. Consequently, these two complaints are not preserved for our review. *See* TEX.R.APP.P. 33.1.

> During closing arguments at the punishment phase of trial, the prosecutor argued:
>
> You heard [counsel for Appellant] argue, Well, he'd been drinking all afternoon. How does the fact that he's been drinking all afternoon and going from his house to the Three-Legged Monkey, drinking and driving to Smokey's bar, and then driving

drunk away from the scene of the crime --

[Defense Counsel]: Your Honor, there is absolutely no evidence in the record of him driving away.

[The Court]: Ladies and gentlemen, nothing the attorneys say is evidence in this case. You'll recall the testimony in this case. Proceed.

The State contends Appellant failed to preserve the alleged error for review because he did not pursue his objection to an adverse ruling. We agree. An adverse ruling "must be conclusory; that is, it must be clear from the record the trial judge in fact overruled the defendant's objection or otherwise error is waived." *Ramirez v. State*, 815 S.W.2d 636, 643 (Tex.Crim.App. 1991). In response to Appellant's objection that the State was arguing outside of the record, the trial court instructed the jury that the prosecutor's argument was not evidence and the jury should recall the testimony. This does not constitute an adverse ruling. *See Carrera v State*, No. 08-05-00264-CR, 2007 WL 766126 at *4 (Tex.App.--El Paso 2007, no pet.)(not designated for publication)(holding that a non-specific comment by the trial court such as "the jury would remember the evidence" does not constitute any ruling, much less an adverse ruling, on the objection to jury argument). Because Appellant did not obtain an adverse ruling to his objection, any complaint about the prosecutor's argument is waived. Point of Error Two is overruled.

## ATOMIC ABSORPTION KITS

In Point of Error Three, Appellant challenges the admission of testimony regarding atomic-absorption kits. Crime Scene Officer Leonard Harris, Jr. was dispatched to a La Quinta Inn where several suspects in the shooting were located. Harris used atomic-absorption kits to test five individuals for gunshot residue and he testified about the results. Harris specifically testified on cross-examination that Appellant was not one of the individuals tested. On appeal, Appellant argues that the trial court erred in admitting this scientific evidence without qualification of the witness as

an expert or proof of the scientific validity and reliability of the evidence. Because Appellant did not raise these objections at trial, he has failed to preserve this issue for our review. *See* TEX.R.APP.P. 33.1. Point of Error Three is overruled.

## ADMISSIBILITY OF SECURITY VIDEO AND PHOTOGRAPHS

In Point of Error Four, Appellant asserts that the trial court erred by admitting the security video, autopsy photographs, and arrest photographs in violation of Texas Rules of Evidence 401 and 403. He also argues that the trial court erred by permitted the security video to be played multiple times.

### *The Security Video*

Appellant did not object to the introduction of the security videotape or to its playing. Thus, Appellant has waived his contentions about the admission of this exhibit. *See* TEX.R.APP.P. 33.1.

### *Autopsy Photographs*

The State offered three autopsy photographs into evidence, Exhibits 43, 44, and 45. Outside the presence of the jury, Appellant to these exhibits on the ground that they were calculated to inflame the passions of the jury. The State responded that the photos were needed to display the different angles of the wound. The trial court sustained the objection to Exhibit 44 but admitted Exhibits 43 and 45.

The admissibility of a photograph is within the sound discretion of the trial court. *Hayes v. State*, 85 S.W.3d 809, 815 (Tex.Crim.App. 2002). Appellant's objection that the exhibits were calculated to inflame the passions of the jury does not preserve his argument on appeal that the evidence is not relevant. Under Texas Rule of Evidence 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or by consideration of undue delay, or needless presentation of cumulative

evidence. TEX.R.EVID. 403. Rule 403 carries a presumption that relevant evidence will be more probative than prejudicial. *Hayes*, 85 S.W.3d at 815, *citing Montgomery v. State,* 810 S.W.2d 372, 376 (Tex.Crim.App. 1990)(op. on original submission). Thus, a trial court's decision will not be disturbed on appeal unless it falls outside the zone of reasonable disagreement. *Hayes*, 85 S.W.3d at 815.

In determining whether the probative value of photographs is substantially outweighed by the danger of unfair prejudice, a court may consider the following factors: the number of exhibits offered, their gruesomeness, their detail, their size, whether they are in color or in black and white, whether they are close-up and whether the body depicted is clothed or naked. *Id.* However, a trial court is not limited by this list. *Id.* "The availability of other means of proof and the circumstances unique to each individual case should also be noted." *Id.* Furthermore, autopsy photographs are generally admissible unless they depict mutilation of the victim caused by the autopsy itself. *Id.* at 816. "Changes rendered by the autopsy process are of minor significance if the disturbing nature of the photograph is primarily due to the injuries caused by the appellant." *Id.*

Here, Exhibit 43 shows the victim's head and a portion of her upper torso. The photograph depicts where the bullet entered the victim's cheek and mouth. Exhibit 45 is a close up view of the victim's cheek and shows the size of the bullet hole. Both photographs are approximately 4 x 5 inches in size and are not particularly gruesome as no blood is evident from the photos and the victim's wound is clean. Nor do the autopsy photos depict mutilation of the victim caused by the autopsy itself. We conclude that the trial court did not abuse its discretion in admitting both autopsy photographs.

Appellant also challenges the "multiple introductions of the arrest photos of the Appellant." The record reflects that only one arrest photo, State's Exhibit 61, was admitted into evidence.

When the State offered Exhibit 61, the parties approached the bench and the following discussion occurred:

[The Court]: What are you objecting to?

[Defense Counsel: Well, Your Honor, how is that relevant to this point? I mean, he hasn't been identified or anything as the shooter or what he was wearing or anything like that.

[The State]: At this point he's already -- we've already had him there at the scene at the very least. I mean, we're going to tie it up. We just want the jury to see what he looked like on that day. Obviously, he looks very different.

[The Court]: Your objection is they don't know if it's him or not? I'll let it in.

[Defense Counsel: It's in?

[The Court]: Over your objection.

On appeal, Appellant argues the trial court erred in admitting his arrest photo under Rules of Evidence 401 and 403. But he raised only a relevancy objection at trial and did not preserve his argument based on Rule 403. *See* TEX.R.APP.P. 33.1; TEX.R.EVID. 403.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* TEX.R.EVID. 401. The admissibility of a photograph is within the sound discretion of the trial court. *Hayes*, 85 S.W.3d at 815. Photographs of a defendant showing his appearance at the time of the offense are relevant and admissible to support the witnesses' identification of the defendant, particularly when the defendant's appearance at trial differs from his appearance at the time of the offense. *See Laws v. State*, 549 S.W.2d 738, 741 (Tex.Crim.App. 1977). The trial court did not abuse its discretion by admitting State's Exhibit 61 over Appellant's relevancy objection. Point of Error Four is overruled.

## JUVENILE CONVICTIONS

In his fifth point of error, Appellant maintains that the trial court erred by admitting evidence of several California juvenile adjudications during the punishment phase of trial. He asserts that the offenses "were not proved through attached affidavits," the offenses were remote, the State failed to offer proof of the underlying facts or relevance of the offenses, and the State offered the signature and disposition of the California Youth Authority confinement without documentation from that agency. At the punishment hearing, Appellant objected to the juvenile adjudications based on the lack of a judicial signature, Rule 609, the reliability of the adjudications, and their remoteness. Other than the Rule 609 argument, Appellant's brief does not contain any argument or provide case law in support of his contentions. Rule 38.1(h) requires that the appellant's brief contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record. TEX.R.APP.P. 38.1(h). The only argument adequately briefed for this Court's review is the admissibility of Appellant's juvenile convictions under Rule 609.

During the punishment phase, the trial court admitted State's Exhibits 89, 91, and 92, which were Appellant's juvenile adjudications. The trial court relying on Article 37.07, § 3(a) and (i) of the Code of Criminal Procedure admitted the juvenile adjudications but excluded others that occurred prior to January 1, 1996. TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(i)(Vernon Supp. 2007). Subsequently, however, the trial court determined that State's Exhibit 89 was an adjudication for conduct which occurred prior to January 1, 1996 and excluded it from the evidence.

Rule 609 applies only to convictions admitted for impeachment purposes. TEX.R.EVID. 609; *Barnett v. State*, 847 S.W.2d 678, 679-80 (Tex.App.--Texarkana 1993, no pet.). State's Exhibits 91 and 92 were admitted during the punishment phase of trial pursuant to Article 37.07, § 3 of the Code of Criminal Procedure which permits the State and defendant to offer evidence as to any matter the court deems relevant to sentencing, including the defendant's prior criminal record. Article 37.07,

§ 3(a)(1) provides:

> Additionally, notwithstanding Rule 609(d), Texas Rules of Evidence, and subject to Subsection (h), evidence may be offered by the state and the defendant of an adjudication of delinquency based on a violation by the defendant of a penal law of the grade of:
>
> > (A) felony; or
> >
> > (B) a misdemeanor punishable by confinement in jail.

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a)(1)(A)(B). Article 37.07, § 3(i) states:

> Evidence of an adjudication for conduct that is a violation of a penal law of the grade of misdemeanor punishable by confinement in jail is admissible only if the conduct upon which the adjudication is based occurred on or after January 1, 1996.

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(i). Appellant's adjudications were admitted as relevant to sentencing and were not admitted for the purpose of impeachment. Rule 609 is therefore inapplicable. The trial court did not abuse its discretion by admitting the juvenile adjudications during the punishment phase. Point of Error Five is overruled.

## EXCLUSION OF MITIGATING EVIDENCE

In Point of Error Six, Appellant argues the trial court erred in excluding mitigating evidence during the punishment phase. He contends the court erroneously excluded the testimony of his wife, Yvette Fuerte, regarding her fears of retaliation and the problems she was having at work due to his offense. During punishment, Fuerte testified:

> Q: Has it affected you financially, Ms. Fuerte, the fact that your husband was detained?
>
> A: Yes, it has.
>
> Q: How has that affected you, Ms. Fuerte?
>
> A: Most of the stuff that I owned in my house I had to sell. Vehicles that I had I had to sell. Trade-in. I had to rearrange everything, my whole -- my whole way of living. Cutting back on certain food and stuff, you know, anything.

Q: Then your brother moved in with you?

A: Yes.

Q: Was that to help you financially?

A: Yes. And also because when this happened I didn't know if someone was going to try to hurt me or my son, so I wanted someone there with me.

Q: Did it cause you any problems at work at Electrolux?

A: Yes, it did --

[The State]: We're going to object, Your Honor, at this point, to relevance. I mean, it concerns the defendant --

[The Court]: I understand, your objection is relevance. What's your response?

[Defense Counsel: Sir?

[The Court]: Your response?

[Defense Counsel]: Your Honor, I'm trying to show the impact on the family.

[The State]: Your Honor, I don't think that's relevant. Maybe the defendant's circumstance, but not the family.

[The Court]: I'll overrule the objection. Go ahead.

Q: Did you have any trouble at work as a result of these allegations?

A: Yes. There was rampant rumors and a lot of people talking and staring. This one lady even called my mortgage company saying --

[The State]: Objection to hearsay.

[The Court]: Sustained.

.    .    .

Q [By Defense Counsel]: Are you aware of any witness in this case that works at Electrolux with you?

A: Yes.

Q: And who would that be?

A: Lydia Ruiz.[1]

Q: And did you feel pressure at work?

A: Yes, I did. She was talking about it.

Contrary to Appellant's assertions on appeal that evidence was excluded, the record reflects that the trial court permitted Fuerte to testify regarding the problems she was having at work and her fears of retaliation. The trial court sustained the State's hearsay objection to Fuerte's testimony when she attempted to testify about a statement made by a third party to her mortgage company. Appellant did not attempt to show during trial that the statement was not hearsay or that it fell within an exception to the hearsay rule and he does not argue on appeal that the trial court erroneously excluded this particular statement. Additionally, Fuerte was cut off in mid-sentence and Appellant did not make an offer of proof regarding the remainder of the statement. *See* TEX.R.EVID. 103(a)(2) ("In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked."). For these reasons, we overrule Point of Error Six. Having overruled each point of error, we affirm the judgment of the trial court.

July 31, 2008

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)

---

[1] Lydia Ruiz was an eyewitness to the shooting.