

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00060-CR

---

MARIO GONZALES, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1782525

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Mario Gonzales, Jr., was indicted and convicted by a Tarrant County jury for evading arrest or detention with a motor vehicle.[1]  *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (Supp.). After a plea of true to a habitual offender allegation, Gonzales was sentenced to forty-four years' incarceration.  On appeal, Gonzales argues that (1) the trial court erred in denying his motion to suppress, (2) that the case should be remanded for the trial court to enter findings of fact and conclusions of law as to the denial of his motion to suppress, and (3) the trial court erred in denying Gonzales's motion for mistrial.  Because we find that the trial court did not err in its denial of Gonzales's complained of motions, and because the trial court did not err in not issuing findings of fact and conclusions of law, we affirm.[2]

## I.      The Trial Court Properly Denied the Motion to Suppress

Gonzales's first issue challenges the trial court's denial of his motion to suppress, in which he challenges the validity of his detention, arguing that the officer lacked reasonable suspicion to initiate a stop.

### A.      Standard of Review

"[W]e review a trial court's ruling on a motion to suppress under a bifurcated standard of review."  *State v. Hardin*, 664 S.W.3d 867, 871 (Tex. Crim. App. 2022).  "We give almost total deference to a trial court's determination of historical facts."  *Id.*  We likewise give "almost total

---

[1]The indictment contains a deadly weapon finding, namely the vehicle, which the jury found to be true.  Gonzales was also indicted on one count of unauthorized use of a motor vehicle, but the State waived that count prior to trial.

[2]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order.  *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own.  *See* TEX. R. APP. P. 41.3.

2

deference to a trial court's ruling on mixed questions of law and fact, if the resolution to those questions turns on the evaluation of credibility and demeanor." *Id.* at 872. "[W]hen mixed questions of law and fact do not depend on the evaluation of credibility and demeanor, we review the trial judge's ruling *de novo*." *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013).

**B.     Analysis**

In his motion to suppress, Gonzales claimed that his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated. He also asserted a violation of his rights under Article I, Sections 9 and 19, of the Texas Constitution. Gonzales argued that the arresting officer had insufficient suspicion to stop him on the night of the incident, and as a result, Gonzales sought to suppress all statements, videos, testimony, and physical evidence.

In *Woods v. State*, the Texas Court of Criminal Appeals stated,

> By asking for the trial judge to suppress the arrest, and the details of his flight and evasion of the detention by [the officer], Appellant was in effect asking the trial judge to rule on whether the prosecution had proof of an element of the offense. The purpose of a pre-trial motion is to address preliminary matters, not the merits of the case itself. Preliminary matters are those issues that can be determined before there is a trial on the general issue of the case.
>
> Appellant in essence tried to argue that the prosecution could not prove one of the elements of the crime; the prosecution could not prove the detention that he evaded was *lawful*. If the trial judge granted the motion for suppression of the flight and ensuing arrest, the State could no longer prosecute Woods for evading detention. Appellant was asking the judge to rule whether or not an offense had actually been committed.
>
> We conclude that because the issue was improperly raised in a pre-trial motion to suppress, the court of appeals erred in reversing the trial court's ruling.

3

*Woods v. State*, 153 S.W.3d 413, 415–16 (Tex. Crim. App. 2005) (footnotes omitted) (citations omitted).  Gonzales's pre-trial motion to suppress sought the exact relief that the court in *Woods* determined was improper in a pre-trial motion.  *See id.*  Accordingly, the trial court did not err in dismissing Gonzales's pre-trial motion to suppress as it related to the merits of an element of the underlying offense.  We overrule Gonzales's first issue.

**II.      Findings of Fact and Conclusions of Law Were Not Required**

In his second issue, Gonzales contends that the case should be remanded to the trial court for findings of fact and conclusions of law on his motion to suppress.  Gonzales argues that the trial court erred when it failed to enter findings of fact and conclusions of law after Gonzales specifically requested the findings at the hearing on the motion to suppress.  Relying upon *State v. Cullen*, Gonzales argues on appeal that, upon the request of the losing party, the trial court is required to state its essential findings.  *See State v. Cullen*,195 S.W.3d 696, 699 (Tex. Crim. App. 2006).  We do not disagree with Gonzales's interpretation of *Cullen*; however, we find it inapplicable here.

Upon the denial of his motion to suppress, Gonzales properly and timely requested findings of fact and conclusions of law. However, while the trial court acknowledged the request and stated, "We can certainly get those to you, sir," we do not find that the trial court was required to do so in this case.  Here, the underlying motion to suppress did not require the trial court to make any findings because a motion to suppress in this case was improperly brought by Gonzales.   The trial court did not need to assess any determination of historical facts or

4

applicable law; rather, the trial court was bound by precedent to deny the motion to suppress under *Woods*.  Accordingly, we overrule Gonzales's second issue.

## III.    The Trial Court Properly Denied the Motion for Mistrial

Gonzales next argues that the trial court erred when it denied his motion for mistrial based on improper arguments by the State.

### A.    Standard of Review

A trial court's denial of a motion for mistrial is reviewed for an abuse of discretion. *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010); *see Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); *Barnett v. State*, 847 S.W.2d 678, 679 (Tex. App.—Texarkana 1993, no pet.).  A trial court abuses its discretion when its decision "lie[s] outside th[e] zone within which reasonable persons might disagree." *Gonzales*, 304 S.W.3d at 842 (quoting *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009)).

> Neither the trial judge nor the prosecutor can comment on the failure of an accused to testify.  Such a comment violates the privilege against self-incrimination and the freedom from being compelled to testify contained in the Fifth Amendment of the United States Constitution and Article I, § 10, of the Texas Constitution.

*Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001) (footnote omitted) (citations omitted).  "It is well settled that a prosecutor's comment amounts to a comment on a defendant's failure to testify only if the prosecutor manifestly intends the comment to be, or the comment is of such character that a typical jury would naturally and necessarily take it to be, a comment on the defendant's failure to testify." *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004) (citing *United States v. Jefferson*, 258 F.3d 405, 414 (5th Cir. 2001); *Bustamante*, 48 S.W.3d at

5

765). "It is not sufficient that the comment might be construed as an implied or indirect allusion to the defendant's failure to testify." *Id.* (citing *Bustamante*, 48 S.W.3d at 765). "A mere indirect or implied allusion to the defendant's failure to testify does not violate the accused's right to remain silent." *Gilmore v. State*, No. 02-06-00302-CR, 2008 WL 706621, at *8 (Tex. App.—Fort Worth Mar. 13, 2008, no pet.) (mem. op., not designated for publication) (citing *Wead*, 129 S.W.3d at 130; *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995)).

**B.      Analysis**

Gonzales complains that the State's statements made during closing arguments presented a "repeated" theme of commenting on his failure to testify. During the State's closing statement, the following exchange occurred:

> [(BY THE STATE)]:          So first the State has to prove that it was the defendant. State's Exhibit -- or Defense Exhibit Number 2. This is the Defense's exhibit.
>
> You can take that.
>
> By his own admission –
>
> [(BY DEFENSE COUNSEL)]:        Your Honor, I object. It's a comment on the defendant's right to remain silent. "By his own admission," he's striking at defendant over counsel's shoulders.
>
> I'll ask the jury --
>
> THE COURT:        Sustained.
>
> [(BY THE STATE)]:          I'll withdraw that.
>
> [(BY DEFENSE COUNSEL)]:        Ask the jury to disregard --
>
> THE COURT:        Jury will disregard the last statement.

6

[(BY THE STATE)]:        I'll --

[(BY DEFENSE COUNSEL)]:        Needless to say, Judge, if I may, counsel, I'd ask for a mistrial at this point for striking over the counsel's shoulders.

THE COURT:        That will be denied.

Subsequently, following that exchange, the State, without objection from Gonzales, also referred to "uncontroverted" evidence from the trial. On appeal, Gonzales argues that the State's statement that the jury "heard no evidence about anyone else being in the vehicle" was a further comment on Gonzales's failure to testify.

In reviewing the complained of comments, we find that nothing in the record suggests that the State manifestly intended to comment on Gonzales's failure to testify. *See Gilmore*, 2008 WL 706621, at *8; *Wead*, 129 S.W.3d at 130. Furthermore, we cannot say from the jury's standpoint that the comment was a clear attack on Gonzales's choice not to testify. *See Gilmore*, 2008 WL 706621, at *8; *Bustamante*, 48 S.W.3d at 765. Here, it is more likely that the State's remarks were seen as a reference to the testimony and the exhibits that were admitted before the jury at the close of the case. *See Cruz v. State*, 225 S.W.3d 546, 549 (Tex. Crim. App. 2007) (holding that the statements of the prosecutor were not a comment on a defendant's failure to testify but rather that "[t]he context of the statement in this case shows that the prosecutor's statements specifically referred to the appellant's written statement, which was the basis for the appellant's self-defense argument").

"Therefore, the record shows no abuse of discretion on the part of the trial court in denying [Gonzales's] motion for mistrial." *Gilmore*, 2008 WL 706621, at *9 (citing *Wead*, 129

7

S.W.3d at 130). "Moreover, on this record, a reasonable trial court could have concluded that an instruction to disregard would effectively remove any possible prejudice caused by the prosecutor's comment." *Id.* (citing *Wead*, 129 S.W.3d at 130). Accordingly, we overrule Gonzales's third issue.

## IV. Conclusion

We affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:    December 29, 2025
Date Decided:    January 30, 2026

Do Not Publish